HORACE ONION *v.* WILLIAM CLARK, NATHANIEL FULLERTON AND OTHERS.

If one of several defendants, in a petition for partition of real estate, has been decreed a bankrupt, so that his title to the premises described has passed to his assignee in bankruptcy, a plea by such defendant, setting forth this fact, will be a good bar to the petition. But, *Per* BENNETT, J., the petition might doubtless be so amended, as to bring the assignee before the court.

Duplicity, in a plea, can only be reached by special demurrer, pointing out particularly wherein the duplicity consists.

PETITION for partition. The petitioner alleged, that he acquired title to the estate, described in his petition by virtue of an attachment and the levy of an execution in his favor, and he averred, that

each of the other defendants had title with him, as tenants in common of the estate. The defendant Clark pleaded, that, before the alleged attachment of the premises, he filed his petition in bankruptcy, and that he was subsequently declared a bankrupt, and that thereby the estate described in the petition vested in his assignee in bankruptcy, *absque hoc* that the petitioner has, or ever had, any right, claim, or title, to the premises, or any part thereof. To this plea the petitioner demurred, and assigned, as special cause for demurrer, that the " said plea is double, containing two distinct matters of defence."

The county court,—HEBARD, J., presiding,—adjudged the plea in bar sufficient, and rendered judgment for the defendants. Exceptions by petitioner.

*N. Richardson* for petitioner.

*W. M. Pingry* for defendants.

The opinion of the court was delivered by

BENNETT, J. In this case the petitionee, Clark, pleads in bar, setting up, that, prior to the attachment of the premises by Onion, he became a bankrupt, under the laws of Congress, and that the lands specified in the petition passed to his assignee. If the plea contained nothing more, it would be ill in *substance*, with reference to Onion's title. The petition does not allege, that Onion claims title under Clark—but only that he claims by virtue of an attachment and levy of execution, and without specifying whom the execution was against. Neither is there any averment in the *plea*, that Onion claims title under Clark ; but the plea concludes with a general denial, under an *absque hoc*, that Onion has, or ever had, any title in any part of the premises.

If Clark's title passed to the assignee, under the bankrupt law, it would be a good bar to this proceeding, though doubtless the petition might be so amended, as to bring the assignee before the court. The denial of any title in Onion, under the *absque hoc*, is a full answer to the petition, unless the plea is bad in form. It is contended, that the plea is double, containing two distinct matters of defence. The pleader doubtless considered all, that is stated in the

plea with reference to Clark's bankruptcy, as mere matter of *induce-ment* to his *special traverse;* but even-if it could not be so consid-ered, we still do not think the demurrer available.   The ground of the demurrer was *duplicity;* but duplicity can be reached only by *special demurrer*, which must specially point out in what the dupli-city consists.   You must, as is said, lay your very finger upon it. *Riley* v. *Parkhurst*, 1 Wils. 219.   *Lamplough* v. *Shortridge*, 1 Salk. 219.   2 Johns. 433.   *Currie et al.* v. *Henry*, 2 Johns. 433. But in the demurrer in this case it is only averred, that the plea contains two distinct matters of defence,—which is only a general definition of duplicity and is not sufficient.   We must therefore treat it as a general demurrer, before which the plea will stand.

Judgment of the county court affirmed.