Bragg *v.* Fletcher et al.

→→→●◉●←←←

ROSWELL BRAGG *v.* JONAS FLETCHER AND IRA FLETCHER.

A written contract, having the usual form of a promissory note in every particular, except that it is payable in some specific article, is so far a promissory note, that, if witnessed, it is not barred by the statute of limitations until fourteen years.

In order to entitle the defendant, in an action of assumpsit, to plead in offset a promissory note executed by the plaintiff to a third person, it is rendered essential by statute, that the note should have been transferred to the defendant, and notice thereof given to the plaintiff, previous to the commencement of the suit.

And where the suit was against two defendants, and the note pleaded in offset, when produced, appeared upon its face to be payable to a third person, or bear-

Bragg *v.* Fletcher et al.

er, and contained a general indorsement by the payee, and was also specially indorsed by the payee to one of the defendants, and it appeared, that the notice given to the plaintiff was by that defendant, that *he* was the owner of the note, it was held, that the evidence did not sustain the plea in offset.

Assumpsit upon a promissory note payable in specific articles. Pleas, the general issue, and *non assumpsit infra sex annos.* The defendants also pleaded in offset two promissory notes, executed by the plaintiff, and made payable to one Asa B. Foster, or bearer. To the plea of the statute of limitations the plaintiff replied, that the note was subscribed by an attesting witness. To this replication the defendants demurred. The county *court, November* Term, 1845,—Redfield, J., presiding,—adjudged the replication suffi-cient; to which decision the defendants excepted. Upon the other pleas issues were joined, and the case was tried by jury, March Term, 1846, Redfield, J., presiding.

On trial the plaintiff gave in evidence the note declared upon. The defendants, to sustain their plea in offset, then gave in evidence two promisory notes, executed by the plaintiff, and made payable to Asa B. Foster, or bearer, which were indorsed by said Foster in blank, and which also bore a special indorsement to the defendant Jonas Fletcher; and it was conceded, that the plaintiff received notice from Jonas Fletcher, that he was the owner of these notes, previous to the commencement of this suit.

Upon this evidence the court charged the jury, that the plaintiff was entitled to recover the amount due upon the note declared upon, and that the defendants were not entitled to have the notes produced by them allowed in offset. Verdict for plaintiff. Exceptions by defendants.

*O. P. Chandler* for defendants.

The question raised by the exceptions is, whether an agreement to pay a certain amount in specific articles is a promissory note, under the statute.* We insist, that ever since the statute of Anne it

---

*Which is in these words,—"None of the foregoing provisions shall apply to any action brought upon a promissory note, which is signed in the presence of an attesting witness; but the action, in such case, shall be commenced within fourteen years next after the cause of action shall accrue thereon, and not afterwards.

Bragg v. Fletcher et al.

has been held to be an essential characteristic of a promissory note, that it should be a promise to pay in *money.*  3 Kent 74.  2 Bouv. Law. Dict. 304.  7 Johns. 461.  *Jerome* v. *Whitney,* Ib. 322. *Rhodes* v. *Lindley,* Ohio Cond. R. 465.  Bayl. on Bills 1–10. This is in analogy with the other statutes relating to promissory notes.  Rev. St. 366, 367.

2. The court erred in rejecting the notes offered by the defendants under the plea in offset.

*Tracy & Converse and I. W. Richardson* for plaintiff.

1. That this is a promissory note, within the meaning of the statute, there can be no doubt.  *Mead* v. *Ellis,* Brayt. 203.  *Brooks* v. *Page,* 1 D. Ch. 340.  *Dewey* v. *Washburn,* 12 Vt. 580.  7 Vt. 25. 17 Vt. 549.

2. The defendants, to support their plea in offset, were bound to show, that the notes offered were transferred to them jointly, and that the plaintiff had notice, before the commencement of this suit; and on both these points they failed.  The special indorsements showed a sale of the notes to Jonas Fletcher alone; and this must control the general indorsements.  Chit. on Bills 227, 231, 234.  The notice conceded was not sufficient; the notice should have been, that both the defendants held the notes.  Such is the issue formed by the pleadings; and the whole reason for notice fails, if the defendants were not bound to show such a notice.

The opinion of the court was delivered by

DAVIS, J.  After the long usage which has obtained in this state, and repeated decisions of this court sanctioning such usage, it is entirely too late to deny to a written contract, having the usual form of a promissory note in every particular, except that it is payable in some specific article, the properties of such an instrument.  The replication, that the paper was duly witnessed, was therefore a good answer to the plea of the statute of limitations.

The only other question, which the case presents, is, whether the county court were correct, in denying to the defendants the right of setting off against the plaintiff's demand the two notes executed by the plaintiff to Foster, and which, at the time of trial, were in the hands of the defendants.

45

As these notes were payable to Foster or bearer, they might have been transferred to the defendants, so as to have enabled them to offset them against the plaintiff in this suit, without any indorsement whatever, provided the transfer had been made, and notice thereof given to the plaintiff, previous to the commencement of this suit. These circumstances are made indispensable by statute. For the purpose of sustaining a suit thereon, in the name of the holders, no such previous notice would be necessary. If the defendants deduce title through either of the two indorsements upon the notes, there would be the same necessity for showing notice. The only notice, which appears to have been given, was from Jonas Fletcher, to the effect that *he* was the holder of the notes. We are not at liberty to construe this into notice, that he and the other defendant were jointly the holders of the notes, by indorsement, or otherwise,—more especially as each note exhibits a full indorsement, in strict conformity with the terms of the notice. Nor can any aid in favor of such a construction be derived from the blank indorsements. Both jointly, or either separately, could avail themselves of such a negotiation ;—nothing on the face of it indicates who, in particular, is to have the benefit of it. It is then perfectly consistent with the other indorsement, and with the notice given; except, if it followed the other, it was wholly unnecessary and superfluous. But we have no means of knowing whether it followed or preceded it. Besides, both were equally superfluous.

Neither does the fact, that both defendants possessed the notes at the time of trial, and attempted to file them in offset to the joint debt due from them, afford any presumptions, which can remove the difficulty. So far as this particular question is concerned, possession is determined by the legal right; if that were in both, the possession of either would be the possession of both. I should not be inclined to attach any decisive importance to the terms, in which this notice was couched, provided attending circumstances were such, as would naturally induce a belief in the plaintiff, that the notes were procured for the purpose of satisfying this debt, and that Jonas Fletcher intended to apprise him of that fact. The fact, that a joint debt existed against the two, may have some tendency that way ; but the circumstances already adverted to, in respect to the full indorsement and special notice, tend much more strongly to an opposite con-

clusion. If there were evidence in the case, that the full indorsement was first put upon the notes, but that no actual transfer to the indorsee followed in accordance with it, I am disposed to concede, that the payee might treat it as a nullity, and proceed, by an indorsement in a different form, to negotiate the notes to any other persons, to whom he pleased. Story on Bills, § 209. But there is no such evidence. It seems more natural to suppose, that the indorsement in blank was an after thought, made subsequent to a full and perfect negotiation to a different party, and probably after the commencement of this suit, in order to subserve a purpose not originally contemplated.

However this may be, there was no error in the judgment of the county court, and the same is affirmed.