State *v.* Fuller et al.

---

THE STATE OF VERMONT *v.* GEORGE FULLER AND HIRAM S. WILLEY.

*Challenge of Jurors.   Statute.   Confessions.   Evidence.   New Trial.*

A respondent is not obliged to exhaust his peremptory challenges before challenging for cause.

Section 4, chapter 120, General Statutes, was designed to secure the right of challenge, as it had long existed, at common law, limiting the extent of it, but not varying the mode of using it.

If any part of a confession of a respondent is proved, the whole must be as made, though portions of it tend to implicate a confederate respondent, but it must be received under instructions to the jury that it would be evidence only against him who made it.

A variance between an indictment and the copy furnished the respondent, in that the former charged the respondent that he aided to conceal the goods stolen, and the latter that he received said goods, held not sufficient to sustain a motion for a new trial.

INDICTMENT against George Fuller and Hiram S. Willey for burglary upon the premises of Mrs. Abigail Morrison, in three counts. Trial by jury March Term, 1866, STEELE, J., presiding.

The indictment in the first count charges that the two respondents broke and entered the house and stole the money of said Abigail Morrison in the night of November 19th, 1865 ; in the second count, charges that the respondent Willey " was present counselling, aiding and abetting the said George Fuller " in the burglary and theft ; and in the third count, which is founded upon section 13, page 669 General Statutes, charges that Willey " received and aided in the concealment " of the stolen money.

The respondent, Willey, claimed as each juror was called the right to inquire of him and ascertain whether any good cause existed to prevent his serving as juror, and that if it should turn out there was, to have him discharged without counting upon his challenges.

The court ruled that he should first exhaust his peremptory challenges and then he might inquire and object to any juror for good reason, to which the respondent, Willey, excepted.

Abigail Morrison, the first witness for the state, testified that Fuller confessed to her that he broke and entered the house and stole the money. In detailing Fuller's confession she was allowed by the court, against the objection of the respondent, Willey, to repeat portions of the confession which tended to implicate Willey. The court ruled that the whole confession must be received as Fuller made it,—but that it would be evidence only against him, and so instructed the jury. To the admission of this testimony Willey excepted.

The government claimed, as the evidence tended to show, that Willey procured and planned the crime, and aided in the concealment

and that he was guilty as principal; but the court ruled and instructed the jury that he could not be a principal because not present or near to aid in the breaking and entering, or stealing, or to take any part therein, and the only question was upon that portion of the third count which charged upon Willey the offence of *aiding in the concealment of the money*, knowing it to be stolen. No exceptions were taken to the charge to the jury.

The jury found Fuller guilty, and Willey not guilty upon the first and second, and guilty upon the third count.

The counsel for Willey seasonably filed a motion for a new trial, on the ground of a variance between the indictment and copy furnished the respondent; the copy charged the respondent with *receiving* the goods alleged to have been stolen, but made no mention that he *aided to conceal* said goods, which was the charge of the indictment. The court overruled the motion, to which Willey excepted.

*J. Ross* and *Ossian Ray*, for the respondent, Willey.

*D. S. Storrs*, State's Attorney, for the state.

The opinion of the court was delivered by

BARRETT, J. The exceptions in this case are taken by Willey.

We think the county court erred in requiring the respondent to exhaust his peremptory challenges before challenging for cause.

The General Statutes, chapter 120, section 4, is that "every person * * * shall be permitted peremtorily to challenge six of the jurors, and such further number as he can show good cause for challenging." If the terms and structure of that section might be regarded as susceptible of the construction given by the county court; yet it seems to us that they do not require it. So far as any member of the present court have knowledge of the practice under that section, the respondent has always been allowed to use his peremptory challenges as he should find occasion, in the process of making up the panel by which he was to be tried. Sometimes it has been done without attempting to challenge for cause; sometimes after such attempt has failed of a successful result, and generally it is

exercised as one juryman after another is called, upon such of them as the respondent sees fit to exercise it, either without making any preliminary inquiry as to cause, or after such inquiry has failed in eliciting cause for challenge. Our late Chief Justice, POLAND, informs us that such has always been the practice in courts with which he was connected, both when at the bar and while on the bench. This practical construction of the statute would certainly operate very strongly to settle the law in this respect. But, at the same time, we understand this to be not only permitted, but to be required by this section of the statute. That provision was designed to secure the right of challenge as it had long existed at common law, limiting the extent of it, but not varying the mode of using it.

In 4 Bl. Com. 353, in assigning the second reason for the allowance of the peremtory challenge, it is said : " because, upon challenges for cause shown, if the reasons assigned prove insufficient, to set aside the juror, perhaps the bare questioning his indifference may sometimes provoke resentment ; to prevent all ill consequences from which the prisoner is still at liberty, if he pleases, peremtorily, to set him aside."

1 Chit. Cr. Law, 545, it is said : "if a juryman be challenged for cause, and pronounced impartial, he may afterwards be challenged peremtorily, for otherwise, the very challenge might create in his mind a prejudice against the individual who made the objection."

Coke on Litt. 158, *a.* says : " if a man in case of treason or felony challenge for cause, and he be tried indifferent, yet he may challenge him peremptorily."

The cases cited from Massachusetts, even if they had been decided under a statute like ours, would not control the court in the decision of this case. So we have no occasion to comment upon them.

In other respects we think the county court committed no error, but, for the ruling as to the challenge of jurors, the verdict is set aside and a new trial granted.