Carpenter *v.* McClure.

\* WALTER CARPENTER *v.* WM. F. MCCLURE.

*Promissory Note.  Witnessed Note.  Statute of Limitations.  Plead-
ing.  Demurrer.  Departure.  Nolle Prosequi.*

Duplicity and argumentativeness being causes of special demurrer only, the
pleader, to avail himself of them, must point out specifically in his demurrer
wherein the duplicity or argumentativeness exists; therefore where the causes of
demurrer assigned were, " that the replication is double, because it is two repli-
cations to a single plea," and " that it is argumentative," they were *held* to be
insufficiently assigned.

The demurrer to a replication that it is a departure from the defendant's plea is
insufficient, as a departure in pleading is a fault which has relation to the pre-
vious pleading of the party guilty of it, and not to the previous pleading of the
adverse party.

The defendant pleaded the statute of limitations to a declaration on a note; the
plaintiff replied that the note was a witnessed note, etc.,—to this replication the
defendant demurred, assigning as causes that the replication was a departure
from the plea, and from the declaration. *Held,* that the demurrer was properly
overruled.

The declaration being upon the note as though not witnessed, which was the proper
form in such cases, the replication was no departure.

Where the plaintiff, in his replication, enters a *nolle prosequi* to certain counts to
which the defendant has pleaded, a demurrer to the replication that it does not
answer the plea, so far as the plea relates to those counts, is bad. The *nolle
prosequi* removes the necessity to answer the plea in this respect.

THIS was an action of assumpsit, on a promissory note, and on
the general counts.

The defendant filed, among others, a plea of the statute of limita-
tions, to which the plaintiff rejoined, and the defendant demurred to
the rejoinder, which demurrer was sustained by the Supreme Court,
at its January Term, 1866, and the plaintiff had leave to amend
upon the usual terms.  At the April Term of this court, 1866, the
plaintiff amended his said replication, and at the September Term,
1866, the defendant demurred to said amended replication.  The
court overruled the demurrer and rendered judgment for the plain-
tiff,—to which the defendant excepted.

\* This case was heard at the January Term, 1867.

Carpenter *v.* McClure.

The plaintiff's amended replication was as follows, viz:

" And the said plaintiff, as to the said plea of the said defendant
" by him lastly above pleaded, so far as said plea relates to the first
" count in said plaintiff's declaration, says that he ought not, by
" reason of anything in that plea alleged, to be barred from having.
" or maintaining his aforesaid action thereof in said first count of
" said declaration mentioned against the said defendant, because he
" says, that the said promissory note in said first count of said dec-
" laration mentioned, was signed by the said defendant in the pres-
" ence of one E. Sprague, Jr., as an attesting witness thereto, and
" the said E. Sprague, Jr., did, at the making and signing of said
" note by the said defendant, and before the delivery thereof, and at
" the request of the said defendant and the said plaintiff, to wit, on
" 21st day of February, A. D. 1851, at said Randolph, attest to the
" signing of said note by said defendant by writing his, the said E.
" Sprague, Jr.'s name thereon as an attesting witness to the same,
" by means whereof the said cause of action in said first count of
" said declaration set forth accrued to him, the said plaintiff, within
" fourteen years next before the bringing of this suit in manner and
" form as the plaintiff in said first count of said declaration com-
" plained against the defendant, and this the plaintiff is ready to
" verify. Wherefore he prays judgment and his damages on account
" of the damages by him sustained by the non-performance of the
" promise and undertaking of the said defendant in said first count
" of said declaration mentioned to be adjudged to him.

" And as to the said plea of the said defendant, by him lastly above
" pleaded, so far as the same relates to the said several promises and
" undertakings in the said count of said declaration mentioned, sub-
" sequent to said first count, the said plaintiff saith that he will not
" further prosecute his suit against the said defendant in respect to
" the said last mentioned promises and undertakings, or any of them;
" therefore, as to the said last mentioned promises and undertakings,
" let the said defendant be acquitted and go thereof without day."

To this replication the defendant demurred as follows, viz:

" And the said defendant saith, that the replication of the said
" plaintiff to the said last plea of the said defendant, and the mat-
" ters therein contained in manner and form as the same are above
" pleaded and set forth, are not sufficient in law for the said plaintiff
" to have or maintain his aforesaid action thereof against the said
" defendant, and that he, the said defendant, is not bound by law to
" answer the same; and this the said defendant is ready to verify.
" Wherefore, by reason of the insufficiency of the said replication in
" this behalf, the said defendant prays judgment if the said plaintiff
" ought to have or maintain his aforesaid action thereof against
" him, &c.

" And the said defendant, according to the statute in such case
" made and provided, states and shows to the court here the following
" causes of demurrer in law to said replication:

" 1st. That said replication is double, because it is two replica-" tion: to a single plea.

" 2d. That it is a departure from the defendant's said last plea, " and no answer to the same.

" 3d. That it is a departure from the plaintiff's declaration and " the causes of action therein set forth.

" 4th. That it contains no answer to the defendant's said last " plea, so far as said plea relates to the second count in the plaintiff's " declaration.

" 5th. It is argumentative.

" And also for that the said replication is in other respects uncer-" tain, informal, and insufficient, &c."

*Wing & Lund,* for the plaintiff.

*J. French,* for the defendant.

The opinion of the court was delivered by

KELLOGG, J. This was an action of assumpsit on a promissory note, and also on the common counts for money had and received, &c. To the whole declaration the defendant pleaded that the causes of action did not accrue within six years next before the commencement of the suit. In the amended replication to this plea, the plaintiff replied to the plea, so far as it related to the count on the note, that the note declared on was signed in the presence of an attesting witness, who, at the time when it was made and before its delivery, signed it as such attesting witness ; and, so far as the plea related to the other counts, that as to those counts he would not further prosecute the action in respect to the same. To this replication the defendant demurred specially. When this case was in this court at the last term, the objections now urged by the defendant to the sufficiency of this replication were very fully considered on the defendant's demurrer to the former replication to the same plea, and the replication to which this demurrer was filed was made by amendment in exact accordance with the opinion of the court as then expressed. There would seem, therefore, to be very little reason for the further consideration of the questions which were then decided upon mature consideration ; but we find nothing in the objections to the replication as now amended which suggests to us a doubt in respect to the cor-

Carpenter *v.* McClure.

rectness of the views which were then expressed as the judgment of the court.

The first cause of demurrer specially assigned is, " that the replication is double, because it is two replications to a single plea," and the fifth cause is " that it is argumentative." In *Onion* v. *Clark et al.*, 18 Vt. 363, it is said by BENNETT, J., that duplicity, as a ground of demurrer " can be reached only by special demurrer, which must specially point out in what the duplicity consists, and that you must, as is said, lay your very finger upon it." In the demurrer in that case, it was averred " that the plea was double, containing two distinct matters of defence," but this was held as being only a general definition of duplicity, and that, in respect to this cause, the demurrer must be treated as being a general demurrer. In *Buell* v. *Warner et al.*, 33 Vt. 570, it was again held that, in a special demurrer on the ground of duplicity, the particulars in which the duplicity exists should be precisely and specifically indicated. And in the opinion delivered by PECK, J., in this very case, when it was before this court at its last term, it was expressly held that duplicity and argumentativeness being causes of special demurrer only, the pleader, to avail himself of them, must point out specifically in his demurrer wherein the duplicity or argumentativeness exists. See 1 Chitty's Pl., 11th Am. Ed. 667. No further authorities need be cited to show that the first and fifth of the causes of demurrer assigned by the defendant are insufficiently assigned, and they cannot therefore be regarded as deserving further consideration.

The second of the assigned causes of demurrer is that the replication is a departure from the defendant's plea of the statute of limitations, and is no answer to it. A departure in pleading is where a previous ground in the pleading is abandoned and a new ground assumed, as when a party quits or departs from the case or defence which he first made, and has recourse to another; but matter which maintains, explains, and fortifies the declaration or plea is not a departure. The allegation that the replication is a departure from the defendant's plea is unintelligible; for departure is a fault which has relation to the previous pleading of the party guilty of it, and not to the previous pleading of the adversary party. The plea of

Carpenter *v.* McClure.

the statute of limitations, in the sense of this objection, is as much a departure from the declaration as the replication is a departure from that plea, but it is nevertheless a sufficient and proper plea, and we can discover no fault in a replication which confesses and avoids the plea by new matter, or which presents matter of estoppel to it. There can be no departure from the plea in any sufficient answer to it, and we have been unable to appreciate the force of this objection. The averment that the replication is no answer to the plea of the statute of limitations will be considered hereafter.

The third assigned cause of the demurrer is that the replication is a departure from the declaration and the causes of action therein set forth. The replication assumes to answer only so much of the plea as is applicable to the count in the declaration on the note; and this objection is urged on the ground that the plaintiff should have declared on this note as a note signed in the presence of an attesting witness at the time when it was made, and should thus have anticipated and avoided a plea of the statute of limitations in advance. Such a mode of declaring upon a witnessed note has never been adopted in practice; and the objection assumes that such a note becomes, when witnessed, a contract having a different tenor and effect from the tenor and effect which it would have if it was not witnessed. It is the contract which is properly declared on, and the declaration is sufficient when this is set forth according to its legal effect. In *Bragg* v. *Fletcher et al.*, 20 Vt. 351, the plaintiff declared upon a promissory note, payable in specific articles, and the defendant pleaded *non assumpsit infra sex annos.* To this plea of the statute of limitations the plaintiff replied that the note was subscribed by an attesting witness; and to this replication the defendant demurred. The question raised was not in respect to the propriety of the form of the declaration and other pleadings, but whether the note, being payable in specific articles, was so far a promissory note that, if witnessed, it was not barred by the statute of limitations until fourteen years; and no doubt was suggested in respect to the propriety of the forms of pleading adopted. The same mode of declaring on such notes is expressly recognized in the opinion delivered by PECK, J., in this case when it was before this court at the

last term, and it has been sanctioned by long and invariable usage, and is in entire harmony with the established rules of pleading. If the note was properly declared on, the replication that it was duly witnessed was a good answer to the plea of the statute of limitations as pleaded; and there was no departure from the declaration in the replication to the plea.

The fourth and remaining cause assigned for demurrer is, that the replication contains no answer to the defendant's plea, so far as the plea relates to the second count in the declaration. By the plaintiff's entering a *nolle prosequi* as to the general counts, those counts became abandoned by him, and the defendant's plea, so far as it was applicable to those counts, was thenceforth to be treated as falling with those counts, and as requiring no answer. We find no ground to question the sufficiency of the plaintiff's declaration either in form or substance.

Judgment of the county court overruling the defendant's demurrer and rendering judgment for the plaintiff affirmed.