## JOHN E. HOWLAND *v.* DAY & DEAN.

*Assault.   Evidence.   Threats.   Practice.   Waiver.   Self-*
*defence.   Son Assault.   Demesne.*

1. WAIVER OF EXCEPTION.   Two assaults had been committed on the plaintiff, one a few hours before the other.   He claimed to recover for the last one; but some evidence at the beginning of the trial, was received, against the objection of the defendants, as to the first assault, the court supposing this to be the basis of his action.   On learning what the plaintiff claimed, the court offered to call a new jury and commence *de novo*, which the defendants declined.   *Held*, that they thereby waived their exception.
2. THREATS made at the first affray—within reasonable proximity of the last assault—were admissible, the court confining the consideration of the jury to the threats.
3. SELF-DEFENCE.   A person assaulted has the right to defend himself; but he cannot use force if he can otherwise protect himself, if he has other means of avoiding the assault that are available, and that appear to him at the time as sufficient, and are in fact available.
4. Epithets used by the parties were admitted without objection.   Both knew their meaning.   It was not error for the court to tell the jury to let the remarks of counsel on this subject pass unheeded, except as showing that the parties understood what each meant.
5. ADMISSIONS *by one of two defendants*.   The court told the jury:   "When a party makes a statement out of court, that is evidence against *him* with reference to the truth of the statement *he* makes."   *Held*, not to be error; but it might have been well for the court to have instructed the jury that it could not be weighed against the other defendant; but it was not bound to do so unless requested.

TRESPASS for assault and battery.   Pleas, general issue and self-defense as to Day, and defence of his master as to Dean. Replication *de injuria*.   Trial by jury, December Term, 1882, Windsor County, TAFT, J., presiding.   Verdict and judgment for the plaintiff.   The plaintiff gave evidence tending to show an assault upon him by the defendant, Day, at the depot in South Royalton, and of threats.   The defendants objected to the evidence, upon the ground that it was not the assault declared for ; but the court admitted it, supposing at the time that it was the assault for which the plaintiff claimed to recover.   The plaintiff then

proceeded to testify as to an assault occurring the same day, but a few hours later, upon the highway leading from South Royalton to Barnard. This testimony was objected to upon the ground that but one assault could be recovered for under the declaration; and this was sustained. The plaintiff's counsel conceded that he could recover for only one assault, but based his claim on the last one, and insisted that he had the right to show the affray at the depot, or rather that threats were made there by defendant, Day, against the plaintiff, and that the first was preliminary to the second assault. The court considered some, if not all, of the evidence legitimate; but lest some of it might be illegal upon the trial for the last assault, offered to call a new jury and begin the trial *de novo.* This offer was declined by the defendants. The court charged the jury as to self-defence:

"When one person is assaulted unlawfully by another, the person assaulted has the right to defend himself, and he has a right to do so to an extent that will make the defence effective. But in so doing he must not exceed the bounds of a reasonable and necessary defence. He may defend so far as is necessary to prevent the assault; but he must not use force to defend himself from injury if he can otherwise protect himself. If he has no other means of avoiding an assault that are available, and that appear to him at the time as sufficient, and are in fact available, then he cannot use force for that purpose. The amount of force that one has a right to use upon such an occasion depends to some extent upon the peril that he has reason to believe that he is in at the time. * * *

If Day was assaulted first, he had no right to assault Howland in return, if he could properly protect himself without assaulting him. If, for instance, he knew or had good reason to believe at that time, that Howland would not leave his wagon, but that by keeping away from the wagon he would be in no danger from Howland's assault, it would be his duty to keep away, instead of going to it, if he could escape the latter without unnecessary trouble to himself. But he had the right to judge of the danger he was in from the circumstances that surrounded him, and if it reasonably appeared to him under all the circumstances that he could protect himself in no other way than by an assault in return upon Howland, if Howland made an assault upon him he would have a right to defend himself under such circumstances by making an assault upon Howland."

As to the first affray:

"There has been evidence in the case with reference to a transaction at South Royalton depot, a short time prior to this affray. The evidence is admissible not upon the main question in this case as showing who commenced this affray at the time in question, but for the purpose of showing the relation of these parties, their state of feeling for each other."

There was evidence in the case that Dean, one of the defendants, had made statements out of court differing from his testimony given upon the trial. Dean testified, among other things, that before Day was struck, he, Day, did not reach out his hands towards the plaintiff, etc.

On cross-examination he was asked if he had not told Alvin Caswell at Day's barn and on the road near Day's house that Day when passing plaintiff's wagon reached his hands out toward plaintiff, and that he, Dean, pulled the plaintiff out of the wagon at Day's request, and denied saying any such things.

Caswell was called as a witness on the part of the plaintiff, and testified that on the evening of the 11th of June, the day of said affray, Dean did so say to him at said places.

And the court instructed the jury as follows:

"There is some evidence in the case as to the parties, or, at least, one of them, the defendant, Dean, having made statements out of court, or when testifying upon a former occasion with reference to the transaction, differing from their evidence that has been given on the stand in this case upon this trial. And I have been requested to call your attention to the law with reference to the effect of such evidence. Where a party makes a statement out of court, that is evidence against him with reference to the truth of the statement that he makes; for instance, in this case if either of these parties made a statement out of court that the other commenced the affray, it would be evidence here. It could be shown here as independent, substantive evidence, without any reference to what he testifies upon the stand. And if he did testify upon the stand different from this statement, it would be evidence that you could use in determining what weight you would give his evidence as he does give it upon the stand."

*Hunton & Stickney,* for the defendants, cited on the question

that evidence as to the first affray was not admissible : 1 Chit.
Pl. 99; *Dole* v. *Erskine,* 37 N. H. 316; *State* v. *Meader,* 54
Vt. 130; that there was error in the charge of the court as to
Dean's testimony: *State* v. *Thibeau,* 30 Vt. 100; *State* v. *Cameron,* 40 Vt. 556; as to self-defence: 35 N. H. 505.

*Denison & Son* and *French & Southgate,* for the plaintiff.

Previous threats are always admissible.  1. Hill. Torts, 206,
n.; *Morrow* v. *Moses,* 38 N. H. 95; *Devine* v. *Rand,* 38 Vt.
621; *Pierce* v. *Hoffman,* 24 Vt. 525; Whar. Crim. Law,
392.  It was proper to show the first assault, as characterizing
the second.  1 Greenl. Ev: s. 53.  The charge as to self-defence
was correct.  Wharton Crim. Law 336; Hill. Torts, 209;
*Mellin* v. *Thomson,* 32 Vt. 407; *Edwards* v. *Leavitt,* 46 Vt.
126.  Dean's evidence admissible.  *Reed* v. *Rice,* 25 Vt. 171;
*Miller* v. *Wood,* 44 Vt. 378; *Patrick* v. *Hayne,* 10 Vt. 183;
*State* v. *Mahan,* 32 Vt. 241; *Wright* v. *Williams,* 47 Vt. 222.

The opinion of the court was delivered by

Ross, J.  I.  When the defendant declined the offer of the
County Court to call a jury *de novo* in the case they waived any
right to exception by reason of the evidence of the affray at
South Royalton having been received by the court under the misapprehension that that was the affray for which the plaintiff was
seeking to recover damages and also any right to exception to
receiving evidence of the affray on the highway as the substantive ground of recovery.  The acceptance of such offer, would
have afforded the defendants a trial in regard to the latter affray
alone, unconnected with, and unaffected by what had already
been done in the case.  The defendants contend that the rejection
of such offer ought not to affect their right to the exceptions
already taken in the proceedings thus far had in the case, because
that the jurors who would have been called, on the new panel,
very likely might have already heard, the objectionable testimony
in regard to the affray at South Royalton.  This contention

begs the question at issue. The commencement of the trial *de novo*, and empanelling of a new jury, implied the rejection from such panel of all jurors who had heard the objectionable testimony. The only remaining question on this branch of the case, is, did the court confine the consideration of the jury to such of the testimony already received as had a legetimate bearing upon the last affray between the parties, and give it only its legitimate effect? The affray at South Royalton was only a few hours before the one for which recovery was had. The court confined the consideration of the jury to the threats of the parties made at South Royalton. In all actions where the intention and purpose, with which an act is committed, form material elements of the right of recovery, whether of exemplary damages, or otherwise, threats of the parties engaged in the act, when made within reasonable proximity of the time to the commission of the act, may be shown as tending to establish the state of mind, or *animus*, with which the act was done and when the threat is to perform the act complained of, it may also be used as tending to show that the person threatening was the person who committed the threatened act. *Bartram* v. *Stone*, 31 Conn. 159; *Devine* v. *Rand*, 38 Vt. 621. The charge of the court did not permit the jury to use the evidence of what took place at South Royalton, except for these purposes. There was no error in this portion of the charge.

II. The defendant Day contends that the court erred in its charge in regard to his right to use force in self-defence. The court first told the jury that a person assaulted had the right to defend himself, and to make the defence effective; but also told them that he must not use force in self-defence "if he can otherwise protect himself." "If he has other means of avoiding the assault that are available, and that appear to him at the time as sufficient, and are in fact available, then he cannot use force for that purpose." Also in substance, that if he knew and had reason to believe that the plaintiff would not leave his wagon, and that by keeping away from it he could avoid plaintiff's assault it was his duty to keep away, if he could do so without

Howland *v.* Day & Dean.

unnecessary trouble. The court left him to judge of the necessity of the use of force to defend himself under the circumstances. The law abhors the use of force either for attack or defence, and never permits its use unnecessarily. The charge of the court was a just and proper application of this universal principle of law to the facts and circumstances of the case.

III. The defendants insist that the court erred in the charge in regard to epithets. The epithets were in the case without objection. In the argument the counsel had without objection given their views in regard to the meaning of the epithets used. It is stated that the parties understood what the epithets meant. The court told the jury to let the remarks of counsel on this subject pass unheeded as wholly immaterial, except as showing that the parties understood what each meant by the epithets used by the other when they met. Manifestly in this there was nothing of which the defendants could complain. On the trial it had been conceded that the parties knew what the respective opprobrious remarks meant; and the court had refused to allow an explanation of them for that reason. This was all the force it allowed to be given the remarks of counsel on this subject.

The remarks having been allowed without exception, and it not appearing but that the counsel on both sides indulged in such remarks; it would not have been error if the court had remained silent on the subject, neither was there error in telling the jury that such remarks were immaterial except so far as based upon the admitted fact that parties knew what each other meant by the epithets used.

IV. The defendant Day complains of the charge in reference to the use to be made of Dean's admissions out of court. The court told the jury: "Where a party makes a statement out of court, that is evidence against *him* with reference to the truth of the statement that *he* makes;" and that it could also be used to determine the weight to be given to his testimony when that varied or contradicted his statement out of court. The charge in this respect was a proper and correct statement of the law. *State* v. *Fuller et al.*, 39 Vt. 74.

As the statement of Dean out of court had some relation to an act of Day, it might have been well for the court to have told the jury that it could not be weighed against Day, nor does it appear but the court did so instruct the jury. It was not bound to do so without request, when the ·charge confined the use of such statements to the party making them. No error is apparent in the exceptions on this subject.

The judgment is affirmed.