## EZRA WILLEY v. NATHAN R. CARPENTER.

*General demurrer. Duplicity and argumentativeness. Neither words nor consent will justify an assault.*

1. Duplicity and argumentativeness cannot be reached by general demurer, and a special demurrer must point out specifically wherein the duplicity or argumentativeness consist.
2. When a defendant relies upon a series of acts by the plaintiff in justification of an assault and battery, it is not duplicity to set out all these acts however multifarious they may be.
3. Where such acts are relied upon in justification it should be alleged that they have provoked the assault.
4. Mere words, however abusive or insulting, will not justify an assault and battery.
5. Nor is it a valid defence to a civil action for an assault and battery that the plaintiff consented thereto.

Trespass for assault and battery. Heard on demurrer to the defendant's second and third pleas at the December term, 1890, Ross, Ch. J., presiding. Demurrer sustained. Exceptions by the defendant, and cause passed to the Supreme Court before final judgment.

The defendant in his second plea alleged in substance that at various times and places the plaintiff had. used concerning himself and wife abusive and insulting language with intent to induce an assault, and that finally, goaded to frenzy, he struck the plaintiff a single blow, which was the battery complained of.

The third plea was like the second except that it in addition alleged that the defendant was provoked to commit the assault by the conduct of the plaintiff, and that the plaintiff had entered upon this course of conduct wilfully with intent to provoke the

plaintiff to commit the assault in order that he might have an action against him.

*Hunton & Stickney,* for the defendant.

The several facts stated constitute but a single ground of defence ; hence to state them is not duplicity. Gould pl. s. 112, ch. 6, part 2 ; *Robinson* v. *Rayley,* 1 Burrow, 316, 319, pr. Lord Mansfield, Ch. J. ; *Hathaway* v. *Rice,* 19 Vt. 102.

The technical defence is that no assault was committed because nothing was done against the plaintiff's will. *Christopherson* v. *Bare,* 63 E. C. L. 472, 477 ; 17 L. Q. B. 109 ; *Smith* v. *State,* 12 Ohio St. 466 ; *Dickey* v. *McDonnell,* 41 Ill. 62 ; *Duncan* v. *Commonwealth,* 6 Dana 295 ; *Hegarty* v. *Shene,* 14 Cox. Cr. Cas. 148.

If the plaintiff has induced the assault by his own misconduct he cannot recover. *Hawe* v. *Planner,* 1 Saund 13, 14 ; *Aldrich* v. *Harvey,* 50 Vt. 162 ; *Spaulding* v. *Preston,* 21 Vt. 1 ; *Booth* v. *Hodgson,* 6 T. R. 409 ; *Dickey* v. *McDonnell, supra ; Swan* v. *N. B. A. Co.,* 7 H. and N. 633, 634 ; *Watrous* v. *Steele,* 4 Vt. 629 ; *Nott and Wife* v. *Stoddard,* 38 Vt. 25, 31 ; *Sutton* v. *Smith,* 13 Mo. 120 ; *Emerson* v. *Balch,* 5 Dane's Abr. 566 ; *Commonwealth* v. *Power,* 7 Met. 596 ; *Ellis* v. *Cleveland,* 54 Vt. 437 ; *Cogdell* v. *Yett,* 1 Cold. 230 ; *McBride* v. *McGloughlin,* 5 Watts, 375, 376 ; *I. C. R. R.* v. *Allen,* 39 Ill. 205 ; *Phillips* v. *Wooster,* 36 N. Y. 412 ; *Cotterill* v. *Jones,* II C. B. 713 ; Com. Dig. Tit. Pleader, p. 801, citing 2 Rol. 393.

*J. K. Darling and R. M. Harvey,* for the plaintiff.

The defendant's pleas are evasive and argumentative. Chit. Pl. 539 ; Gould, Pl. 55, 56.

They are bad for duplicity. 1 Chit. Pl. 226, 532 ; Gould Pl. 390, 399 ; Stephen Pl. 247 ; *Downer* v. *Rowell,* 26 Vt. 397 ; *Luce* v. *Harrington,* 55 Vt. 341 ; *Andover* v. *Mt. Holly,* 58 Vt. 372.

Mere words are not a defence to an action for an assault. *Cushman* v. *Ryan*, 1 Story 100; *Avery* v. *Ray*, 1 Mass. 12; *Lee* v. *Woolsey*, 19 Johns. 319; *Rochester* v. *Anderson*, 1 Bibb. 428; *Mowry* v. *Smith*, 9 Allen 67; *Richardson* v. *Lentz*, 26 La. 313; *Ireland* v. *Elliott*, 5 Ia. 478; *Thrall* v. *Knapp*, 17 Ia. 468; *Morley and Wife* v. *Dunbar*, 24 Wis. 183; *Wilson* v. *Young*, 31 Wis. 574-; *Fenelow and another* v. *Butts*, 53 Wis· 344; *Donnelly* v. *Harris et al.*, 41 Ill. 126; *Gizleo* v. *Witzel*, 82 Ill. 322; *Norris* v. *Casel*, 90 Ind. 143.

Nor will the consent of the plaintiff justify the act. *Adams* v. *Waggoner*, 33 Ind. 531; *Slout* v. *Wren*, I Hawks 420; *Commonwealth* v. *Colberg*, 119 Mass. 353; *Barholt* v. *Wright*, (Ohio) 10 W. Rep. 451.

The opinion of the court was delivered by

THOMPSON, J.—I. This is an action of trespass for an assault and battery. To the defendant's second plea, the plaintiff demurred specially. The first cause of demurrer assigned is that the plea is argumentative, and the second cause is that it " is double and bad for duplicity." It has been expressly held that each of these causes of demurrer can only be reached by special demurrer, and that the pleader to avail·himself of them, " must point out specifically in his demurrer wherein the duplicity or argumentativeness exists." *Onion* v. *Clark*, 18 Vt. 363; *Buell* v. *Warner*, 33 Vt. 570; *Carpenter* v. *McClure*, 40 Vt. 108; 1 Chitty's Pl. (4th Am. Ed.) 667. Under these authorities, we think the first and second causes of demurrer are not sufficiently assigned.

However, we do not think this plea bad for duplicity. The facts set forth in the plea as occurring prior to the service of the writ in the action brought by defendant's wife against the plaintiff for slander, are stated simply as matters of inducement. Gould's Pl. (4th Ed.) ss. 9, 11, Ch. 3. All the plaintiff's alleged actions, speeches and conduct subsequent to that time, taken as

a whole, and not singly, constitute the ground on which the defendant puts his defence. Hence, it was good pleading to specially state them, however multifarious they might be. Gould's Pl. (4th Ed.) s. 112, Ch. 6, Pt. 11.

Another cause of demurrer assigned and relied upon, is that this plea does not aver that the plaintiff's course or conduct as alleged, was for the purpose of procuring the defendant to commit the wrong and injury to the plaintiff set forth in the declaration, and we think the plea bad in not having such an allegation.

II. The defendant's third plea is the same as his second plea, with the exception that it alleges that the actions, speeches and conduct of the plaintiff from and after the bringing of the action for slander, as therein alleged, were wilfully done, made and had by the plaintiff, for the purpose of provoking the defendant to strike the plaintiff and thereby obtain this cause of action against him. To this plea the defendant demurred generally.

With reference to this plea, the only point made by the plaintiff in argument, is that the facts therein stated are not such as to justify the alleged assault and battery. This contention is sound.

The alleged speeches and conduct of the plaintiff, although for the purpose of provoking the defendant to strike him, are no defence. Mere words, however gross, and abusive, cannot justify an assault and battery. This is the rule adopted after careful consideration, in *Goldsmith's Admr.* v. *Joy*, 61 Vt. 488. This case is so recent, and this question is there so fully discussed, and the authorities cited and examined to such an extent, that we do not deem it necessary to enter upon a further discussion of the question.

Such provocation is only admissible on the question of exemplary damages. That class of cases which holds such provocation admissible in mitigation of actual damages, does not go to the extent of

holding it to be a full defence. *Keiser* v. *Smith*, 71 Ala. 481 (46, Am. Rep. 342); also see cases cited in *Goldsmith's, Admr.* v. *Joy, supra.* The acts of the plaintiff in "malignantly" leering at the defendant and in making taunting grimaces at him, were provocations of the same character as insulting and provoking language. None of these acts were of such a character as to amount to an assault by the plaintiff upon the defendant, and in order to justify him in striking in self-defence, the act complained of must constitute an assault.

If the facts set forth in the third plea are taken to amount to a license by the plaintiff to the defendant to commit the alleged assault and battery, such license is no defence to this action. 2 Greenl. Ev. (10th Ed.) Sec. 85; 1 Hill. on Torts, (3 ed.) 183; 1 Bac. Abr. (Bouv. Ed.) Assault & Battery, 372. The assaulting or beating of one person by another is a breach of the peace and a misdemeanor at common law as well as by R. L. s. 4228. In *Stout* v. *Wren*, 1 Hawks 420 (9 Am. Dec. 653) the plaintiff and defendant quarrelled and agreed to fight and after they had gone out for that purpose the defendant asked the plaintiff if he would clear him of the law, and the latter said yes, whereupon the defendant beat him, he making no resistance. The court say: "It is equally reasonable and correct, that a man shall not recover a recompense for an injury received by his own consent; but the rule must necessarily be received with this qualification, that the act from whence the injury proceeded be lawful. Hence, in those manly sports and exercises which are thought to qualify men for the use of arms, and to give them strength and activity, if two played by consent at cudgels and one hurt the other, no action would lie. But where in an action for assault and battery, the defendant offered to give in evidence that the plaintiff and he boxed by consent, from whence the injury proceeded, it was held to be no bar to the action, for as the act of boxing is unlawful, the consent of the parties to fight could not excuse the injury; *Boulter* v. *Clark*, Bull. N. P. 16."

In *Adams* v. *Waggoner*, 33 Ind. 531 (5 Am. Rep. 230) the court after citing the foregoing authorities and others say : " We think the deduction and conclusion to which we have come, are fully warranted by the law and the reason thereof ; which is, that an agreement, leave or license, to do an act which in itself is unlawful, forbidden by positive law, and for the doing of which a penalty is attached and announced, whether a felony or a misdemeanor is no defence to an action for damages by a party who has been injured by the doing of such act, though he made the agreement, gave the license, leave and consent ; but when the wrong complained of is not forbidden by law, though it may be by morals, such as the seduction or debauching a man's wife or daughter, slander, libel, or trespass on his real estate or to his personal property, agreement, consent, or license, is a good defence." This doctrine is approved in *Commonwealth* v. *Collberg*, 119 Mass. 350 ; *McCue* v. *Klein*, 60 Tex. 168 ; (48 Am. Rep. 261) ; *Shay* v. *Thompson*, 59 Wis. 540 (48 Am. Rep. 538) ; *Barholt* v. *Wright*, 45 Ohio St. 177 (4 Am. St. Rep. 535 & Note). These authorities all go upon the principle that the act assented to being unlawful at common law, the consent of the plaintiff is no bar to his action. An exception to this rule, is that class of cases like rape or an assault with intent to commit rape, where the female has arrived at the age of consent, in which the absence of consent is essential to constitute the offense. In *Barholt* v. *Wright, supra,* in discussing this exception, the Court says : " In all such cases the consent of the female would, without doubt, be a bar to any right she would otherwise have to maintain an action for an assault and battery. It is said by Judge Cooley in his work on torts, page 163, that 'consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to. * * * A man may not even complain of the adultery of his wife, which he connived at or assented to. If he concurs in the dishonor of his bed, the law will not give him redress, because he is not wronged. These

cases are plain enough, because they are cases in which questions arise between the parties alone.' 'But,' he adds, 'in case of a breach of the peace it is different. The State is wronged by this, and forbids it on public grounds. The rule of law is therefore clear and unquestionable, that consent to an assault is no justification. The exception to this general rule embraces only those cases in which that to which assent is given is matter of indifference to public order.' See also, to like effect, Pollock on torts, 139." We think the rule that consent will not justify an assault and battery is good law and conducive to a sound public policy. "The law abhors the use of force either for attack or defence, and never permits its use unnecessarily." *Howland* v. *Day*, 56 Vt. 318. If the consent of a person to a moderate assault and battery upon him were a justification, we see no reason why consent to one so great as to take his life would not also be a justification. A man cannot consent to the taking of his own life. "His life is not his to take or to give away; it would be criminal in him to take it and equally criminal in any one else who should deprive him of it by his consent." *McCue* v. *Klein, supra.* 1 Bish. Cr. Law (4th Ed.) ss. 954, 955.

*Judgment affirmed and case remanded with leave to replead on the usual terms.*