## PAULINA WITZKA v. THOMAS MOUDRY.[1]

### April 26, 1901.

### Nos. 12,595—(29).

#### Charge to Jury—Objection to Be Specific.

When it is apparent that the trial court may have misunderstood the evidence, or that it might admit of different constructions, and an instruction to the jury is based upon the view of the court, a general objection to such instruction is insufficient. The party who claims to be prejudiced should point particularly to the alleged inaccuracy, and either ask a modification of the charge or call for an additional request to meet his own view.

#### Assault and Battery—Outcry by Woman.

In a civil action for assault and battery, where such assault is made upon a female, followed by unlawful intercourse, her failure to make outcry, or to complain afterwards, suggests doubt whether such an assault was committed, depending for its weight, more or less, upon other facts; yet such failure to make outcry or to complain does not constitute a legal presumption against her.

#### Verdict Sustained by Evidence.

Evidence considered, and *held* sufficient to support a verdict for an assault upon a female of tender years, followed by sexual intercourse.

#### Question of Age.

Conceding that a female under sixteen years is incapable of legally consenting to sexual intercourse (G. S. 1894, § 6524), yet this case was not tried upon that theory, although the evidence was not contradicted that the female was under sixteen years; yet the question of her age might have been contradicted, and the defendant should have had an opportunity to do so, of which right he was deprived, under the issues and course of the trial in this case.

Action in the district court for Le Sueur county by plaintiff, a minor, through her guardian ad litem, to recover $5,000 for an alleged criminal assault upon her person committed by defendant. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. The court made an order granting a motion for a new trial unless plaintiff

[1] Reported in 85 N. W. 911.

consented to a reduction of the verdict to $700. Plaintiff having consented to the reduction, defendant appealed from the order. Affirmed.

*Charles C. Kolars* and *W. C. Odell*, for appellant.

*Thomas Hessian*, for respondent.

LOVELY, J.

This is a civil action to recover damages for an alleged assault and battery upon the plaintiff. Plaintiff had a verdict. A motion for a new trial was denied, and this appeal challenges the sufficiency of the evidence to sustain the verdict; likewise the correctness of two instructions given at the request of plaintiff, and the refusal of one asked by defendant.

Without going into unnecessary details in this salacious record, it appeared that the plaintiff was a young woman about the age of sixteen, without parents, a servant in the family of the defendant, where she had worked for some time when the alleged assault occurred. Her guardian was a foster mother, quite aged, and not in any way concerned in the prosecution of the case, or shown to be interested in plaintiff. The plaintiff was supporting herself. She performed household duties, cleaned the stables, and did outdoor work on the farm of defendant, for which she received $6 per month as wages. According to her version of the alleged assault, defendant came to the stable where she was at work, and, without invitation or suggestion from her, took hold of her, forcibly threw her down, and had sexual intercourse with her. While the testimony does not show that she very seriously resisted, there was some evidence that about that time threats were made by the defendant, although whether these were before, at the time of, or after the sexual act was consummated does not conclusively appear. According to plaintiff's account repeated acts of intercourse occurred between the parties at subsequent times. She remained in the family of defendant about seven months afterwards until a short time before a child begotten upon her person was delivered. It does not appear that any other male person paid her any attention or associated with her. She made no statement concerning the first assault or subsequent intercourse to any one until the time her child was born.

On this day the defendant was at her home. In a talk with a third party he denied the parentage of the child. Plaintiff declared it was his. At the trial defendant denied any sexual relation whatever with plaintiff or any previous knowledge of her pregnancy. The jury found for the plaintiff, and assessed her damages at the substantial sum of $1,000, which was afterwards reduced to $700 by the court.

Counsel for defendant treat the evidence to support the verdict as if it must amount to the full quantum of proof necessary in a prosecution for rape. We do not think such is the test on this issue. While an actual or suggested invitation by the female, or a familiarity authorized by relationship, might forbid a contention that there was an assault, yet when no such invitation, actual or suggested, is given, or no justification by ties of kindred, the man who lays his hands upon a woman to effect an unlawful carnal purpose is guilty of an imposition upon her sex, and commits an assault upon her for which she may recover damages in a civil action, under any rule or analogy that sustains an action for a battery. A careful review of the testimony leads us to the conclusion that there was evidence reasonably tending to support the verdict, and the order of the trial court should be affirmed, unless there were errors in two instructions given to the jury, and the refusal of one request asked by defendant.

The first request referred to was as follows:

"If you find the defendant committed the alleged offense upon the plaintiff, and that the defendant threatened her and put her in fear, that is a circumstance to be taken into consideration by you in rebutting unfavorable inferences from her not making outcry and offering more physical resistance to the commission of the alleged offense."

It seems very clear, upon a proper construction of this request, that it cannot be held prejudicial to the defendant; for, if the offense had actually been committed as it assumes, the plaintiff was entitled to recover whether there were threats or not, and all that relates to this subject after the offense had been committed was entirely unnecessary.

The third request asked by plaintiff, which was given, presents a more serious question. It reads as follows:

"If you find that the defendant had carnal intercourse with the plaintiff, and if the evidence shows that the defendant threatened the plaintiff on that occasion, no matter how slight, so that she understood it meant injury to her, the jury may regard it as sufficient force, and find that such force was against her will therefrom."

This portion of the request was covered only by a general exception. The claim was made at the trial that plaintiff was influenced by fear of defendant which prevented resistance when the sexual act was committed, and that, while she did not invite sexual intercourse, she might have submitted thereto through fright. It appeared in her recital of defendant's conduct at the trial either that when she was thrown down or that immediately afterwards defendant threatened to shoot her. A careful analysis of this testimony might lead to the conclusion that these threats were made after the intercourse, but the court might easily have inferred in its apprehension of this evidence at the trial, without reading the stenographic report, that such threats were made on the occasion of the carnal assault, as part of the transaction, and it seems apparent that it did so in this particular. Counsel for defendant urge as a ground of complaint to the giving of this request that the court assumed that such threats had been made. It does not appear that this request admits of that construction, and if it was apparent that the court misunderstood the evidence or its effect, and the counsel objecting to this instruction felt that they had been prejudiced by an improper assumption of fact under the circumstances as indicated, it was their duty to have pointed out the supposed mistake of the court, and to have asked for a modification, or requested an additional instruction, to meet their view.

The defendant's sixth request, after pointing out in a proper manner the evidentiary force of silence by plaintiff, and her failure to denounce the perpetrator of the assault afterwards, destroys the legal value of such suggestions by the qualifying phrase that such failure to make an outcry or to denounce her assailant created "a presumption against her." The instruction in this regard went too far. The weight of the evidence and the inferences to be drawn therefrom in this respect were for the

83 M.—6

jury, uncontrolled by any presumption, and the request was properly refused.

We have carefully reviewed the whole record, and do not find any other alleged error of sufficient importance to require our discussion. It was urged by the plaintiff that, under the statutes of this state, the plaintiff, being under the age of sixteen, had no capacity to consent to the sexual act of defendant, and the same must be regarded as an assault upon her, regardless of her consent, upon the view that it was a violation of the penal statute. G. S. 1894, § 6524. This view is sustained by respectable authority, but we cannot rest our decision upon this claim in this case, for the reason that the complaint does not allege that the plaintiff was under the age of consent, nor did the course pursued by both counsel and acted upon by the court at the trial of the case call any attention to such statute or the inferences that it created. Neither was there any indication to the defendant that the plaintiff's age deprived her of the capacity to consent. If such had been the purpose,—conceding, without deciding, that the law is as claimed by counsel for plaintiff, that sexual intercourse with a child under the age of sixteen years, with actual consent of the female, will authorize a civil action for assault,—under the way in which this case was tried the age of the plaintiff should have been put in issue in some way; for the defendant had a right to know that such claim was made, so as to offer proof on that question, and we cannot assume, without such a contest, that plaintiff was really under the age of sixteen years.

The order appealed from is affirmed.

LEWIS, J., dissents.