# EMMA FREY v. O. J. McMANUS.[1]

January 5, 1923.

No. 23,205.

**Assault and battery—want of consent must be shown to recover damages.**
1. In a civil action for assault and battery, based on an alleged act of sexual intercourse, committed against the will and without the consent of the person assaulted, in order to entitle her to recover damages, the want of her consent to the act must be shown by a fair preponderance of evidence.

**Question for jury.**
2. That plaintiff did not consent to the act complained of, was clearly a question for the jury, under the evidence.

**Verdict not excessive.**
3. There are no indications in the record of prejudice or bias on the part of the jury, and the verdict is not so large as to warrant any interference therewith by this court.

**Charge to jury.**
4. The charge when considered as a whole was as favorable to defendant as he had a right to ask.

Action in the district court for Winona county to recover $25,000 for assault. The case was tried before Callaghan, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

Lamberton, Lamberton & Murphy, for appellant.

James J. Fitzpatrick and Cowie & Hale, for respondent.

[1]Reported in 191 N. W. 392.

QUINN, J.

Action for damages for an alleged assault, by defendant upon plaintiff, on June 16, 1920. There was a verdict in favor of plaintiff, and from an order denying his alternative motion for judgment or for a new trial, defendant appeals.

At the time of the trial plaintiff was 33 years of age, had never been married and lived with her father in the city of Winona. She was a trained nurse by occupation, and, prior to the time of the affair here complained of, had always borne a good reputation. The defendant is a bachelor, 47 years of age, and had owned and operated a retail shoe store in Winona for a number of years prior to the bringing of this action. He also owned a number of other pieces of property in this state and Canada, all of which he had disposed of since this action was commenced.

For her cause of action plaintiff alleges—and she testified that she had known the defendant since the year 1916—that from that time until 1918 they saw very little of one another; that, during the year 1918, he became more attentive to her, and that by 1920 she was given to believe that his regard for her had ripened into a sincere affection; that they had many talks as to plaintiff's qualifications for a wife; that plaintiff believed that he had a sincere love for her; that he frequently called upon her and took her riding and to entertainments; that, believing and trusting in his assurances of affection, she invited him to her home, and that on such occasions it was a common occurrence for him to caress her on his departure. She testified that, on the evening of June 16, 1920, the appellant called on her as usual; that the fore part of the evening was spent in the parlor visiting; that at about 10 o'clock, as she was passing where he sat, he put his arm around her drawing her onto the arm of his chair where they remained for some little time; that when he arose to go she procured his coat for him and opened the door as was her custom; that they stood on the threshold for a short time, when he suddenly turned, grabbed her about the waist, threw her onto the porch floor where he had illicit relations with her, resulting in her becoming pregnant, and that as a result a child was born to her alive on March 22, 1921.

The plaintiff further testified that up to the time of the alleged assault she had never had sexual relations with any man, and that the defendant's relation with her at that time was against her will and without her consent; that during such assault, she fought, like a tiger, fought hard, with all her strength, but that he was much stronger than she; that she pushed and struck; that she experienced much pain on the porch; that he left instantly after and that she went into the house, but told no one. The defendant testified that he was not at plaintiff's home on June 16, 1920, that he never had illicit intercourse with her against her will or without her consent, and that he had had sexual relations with her both before and after June 16, 1920.

It is strongly urged on behalf of defendant that the evidence was insufficient to sustain a finding that defendant had sexual intercourse with plaintiff against her will; that the court erred in refusing to give defendant's ninth request to charge with reference to plaintiff's failure to make an outcry, or complaint of the assault; that the court erred in holding that the verdict was not excessive, and did not appear to have been given under passion and prejudice, and for errors of law occurring at the trial.

The rule is well established that while the absence of consent is essential to constitute the crime, as in an assault with intent to commit rape, the consent of the person assaulted is a complete defense to an action for assault and battery. Willey v. Carpenter, 64 Vt. 212, 23 Atl. 630, 15 L. R. A. 853; Goldnamer v. O'Brien, 98 Ky. 569, 33 S. W. 831, 36 L. R. A. 715, 56 Am. St. 378. So while in a civil action for assault and battery based on an alleged act of sexual intercourse with the plaintiff, committed against her will and without her consent, in order to entitle the person assaulted to recover damages, the want of her consent to the act must be shown by a fair preponderance of the evidence. The trial court, in the instant case, submitted this very phase of the case to the jury in a very clear and concise manner, and a verdict was returned in favor of the plaintiff, which closes the controversy as to the liability of the defendant, for the verdict is amply supported by the evidence.

As to the amount of the verdict it may be said that in cases of this character it is within the exclusive province of the jury to weigh and consider the facts and circumstances and then to place a value upon the injury which the plaintiff has suffered. It is only when the result of their deliberations appears to shock the understanding and furnishes a clear conviction of their bias or prejudice, that the courts will interfere. It is not an easy task, in such cases, to determine the amount of damages the person so assaulted has sustained, or what is a just compensation for the injury inflicted. However, we find no indication anywhere in the record of any prejudice or bias on the part of the jury. We discover no error in the charge as to the failure of the plaintiff to make outcry. See Witzka v. Moudry, 83 Minn. 78, 85 N. W. 911. The charge when taken as a whole was as favorable to the defendant as he had a right to expect. We discover no reversible error therein.

Affirmed.