NEW-YORK,
Nov. 1807.

[Snyder and
others
v.
Croy.

In an action
of trespass, the
defendant
pleaded a for-
mer recovery
in the court.
of common
pleas, for the
same trespass.
The plaintiffs
replied, that
the trespass
mentioned in
the defend-
ant's plea, and
the trespass
alleged in the
declaration,
were differ-
ent, and pray-
ed judgment,
&c. *without
this*, that the
trespass men-
tioned in the
plea, and that
stated in the
declaration,
were one and
the same, &c.
and conclu-
ded to the
country. On
a demurrer to
the replica-
tion, it was
held good.
Where the re-
plication de-
nies the sub-
stance of the
plea, it may
conclude to
the country.
The court will
not take no-
tice of any informality in the pleadings, unless specially pointed out by the demurrer.
Where a traverse comprises the whole matter generally, it may conclude to the
country.

## Snyder, Van Vechten, and Bradt, executors of Bradt, *against* Croy.

THIS is the same cause reported *ante*, p. 227. The declaration and plea were the same, but under the leave given by the court to the plaintiffs, to amend their repli-cation, they replied that the trespass mentioned in the defendant's plea, and set forth in the record recited there-in, and the trespass alleged in this case, is not the same trespass, but another and different trespass, and they conclude by praying judgment, whether they ought to be barred, &c. from having their said action, &c. without this, that the said trespass mentioned by the defendant in his said plea, and the trespass charged by the plain-tiffs, is one and the same, and not another or different, and conclude to the country. To this replication there was a *special demurrer*. 1st. Because it concludes to the country, when it ought to have concluded with a verifica-tion. 2d. That it is double, in this, that a particular fact has been selected and denied, and the replication con-cludes with a traverse of the same fact. 3d. That the replication contains a *new assignment* of *the trespass*, and yet it is not alleged when or where the trespass, so new-ly assigned, was committed.

*Russell* in support of the demurrer, cited *Strange*, 871. *Doug.* 429. 2 *Term*, 439. 5 *Comyn's Pleader*, G. 22. G. 9. *Cro. Eliz.* 755.

*Foot*, contra, cited 5 *Bac. Ab. Pleas and Pleadings*, H. *Doug.* 94. in note, and 2 *Term, Rep.* 439.

SPENCER, J. Wherever there is an affirmative held by one of the parties, and the other negatives it, there is substantially an issue between them, ready to be tried. This is the case here. The defendant says, that the

trespass for which he is now sued, has heretofore been prosecuted, and that the plaintiff's testator recovered damages for it. This the replication denies, and tenders an issue to the country. [*]In good sense and sound logic there can be no necessity for the defendant to answer over, when he must have reiterated the facts set forth in his plea. Upon authority,* it is settled, that where the replication denies the substance of the plea, it may conclude to the country. In the present case, the substance of the plea is denied, for although the defendant had set forth the record of the other suit, that was matter of inducement. The essence of the plea is a former recovery for the same trespass. The replication is informal in praying judgment; but to this informality the special demurrer does not extend, and it cannot be noticed unless the defendant puts his finger on the informality.† There is more weight in the objection, that after the insertion of an *obsque hoc*, the plaintiffs should have concluded with a verification; but I think that the distinction taken by the court in *Haywood* v. *Davis and others*,‡ is sound; that where the *obsque hoc* comprises the whole matter generally, it may conclude to the country, but not where it only traverses a particular matter. This principle is also recognised in many other cases.§ I have already said, that the replication put the substance of the plea in issue, and the *obsque hoc* in this case comprises the whole matter. The case, also of *Robinson* v. *Raley*,‖ supports this opinion. In that case, the replication to the plea to the 13th count, traversing the license, after protesting that the tree was not used for gates, &c. as was alleged by the defendant's plea, and concluded to the country. On a special demurrer to this replication, it was held to be good. This last exception is wholly misapplied; there is no new assignment of a trespass in the replication. It maintains the trespass alleged in the declaration. The plaintiff must have judgment.

NEW-YORK,
Nov. 1807.

Snyder and others
v.
Croy.

[* 429]
*2 *Term*,439.
*Doug.* 94. in note.

† 1 *Wils* 219.

‡ 1 *Salk.* 4.

§ 1 *Vent.* 101.
1 *Saund.* 103
note *a.* 6.
*Clark* v.
*Glass.*
‖ 1 *Burr*,317.

NEW-YORK,
Nov. 1807.

Jackson
v.
Titus.

KENT, Ch. J. and VAN NESS, J. were of the same opinion.

THOMPSON, J. not having heard the argument, gave no opinion.

Judgment for the plaintiff.