ABEL WALKER, APT. *v.* BENJ. P. WOOSTER'S ADMR.

*Pleading. Special Demurrer. Statute of Limitations, R. L. s. 973.*

1. Argumentativeness can only be taken advantage of by special demurrer.

2. Such demurrer must point out specifically the particular in which the fault consists; it is not enough to say that the allegation of a certain fact is argumentative.

3. The defendant was sued as administrator, and pleaded the general issue. *Held*, that he thereby admitted the capacity in which he was sued, and could not afterwards object that there was no sufficient allegation of the decease of his intestate.

4. The presenting of a claim to commissioners is the beginning of a new suit within R. L. s. 973, and will avoid the effect of the statute of limitations if made within one year from the time when the former suit was discontinued by the appointment of such commissioners.

This was an appeal from the disallowance of commissioners appointed by the Probate Court to receive and adjust claims against the estate of Benj. P. Wooster, deceased. The plaintiff filed with his appeal by way of declaration the general counts, and also a special count claiming to recover the amount due on six promissory notes. The defendant pleaded the general issue, and the statute of limitations. To the plea of the statute the plaintiff replied that in the lifetime of the said Wooster, and before the running of the statute he had begun a suit on the same claim which he sought to enforce here, which had been discontinued by the appointment of commissioners, and that within one year from the discontinuance of such suit, he had presented the said claim to such commissioners. The replication did not aver that the said Wooster had deceased. To this replication the defendant demurred, and for cause of demurrer specified that " the allegation in said replication respecting the death of Benj. P. Wooster is argumentative and no certain issue can be taken thereon, and in other respects defective."

*Walker v. Wooster's Admr.*

The court, December Term, 1887, Tyler, J., presiding, over-ruled the demurrer, and adjudged the replication sufficient, to which the defendant excepted.

*Hard & Cushman* and *Stewart & Wilds*, for the defendant.

It is indispensable that the replication should contain a direct averment that the previous suit was terminated by the death of the defendant. This replication contains none. 47 Vt. 77.

*E. J. Ormsbee* and *J. C. Baker*, for the plaintiff.

The plaintiff seeks the benefit of R. L. s. 973, and the averments in the replication are sufficient to bring the case within the saving effect of that section.

The opinion of the court was delivered by

Powers, J. The defendant's demurrer to, the replication can have effect only as a general demurrer. It is not enough in a special demurrer for argumentativeness to say merely that an allegation is argumentative. The demurrer should point out with precision the objection relied upon. The demurrant should "put his finger upon the informality," otherwise his demurrer will be general. 1 Wilson, 219 ; *Snyder* v. *Croy*, 2 Johns. 428 ; *Currie* v. *Henry*, 2 Johns. 433 ; *Onion* v. *Clark*, 18 Vt. 363 ; *Carpenter* v. *McClure*, 40 Vt. 108.

The objection of argumentativeness can only be raised by special demurrer. *Catlin* v. *Lyman*, 16 Vt. 44; *Woodward* v. *French*, 31 Vt. 337 ; and hence is not raised by the case.

The replication standing alone does not sufficiently aver the death of Wooster, but the defendant was declared against as the administrator of Wooster, deceased. He appears, pleads the general issue and statute of limitations. By pleading the general issue he admits the character in which he is sued, and in both pleas concedes in substance the death of Wooster. Thus by pleading over to the declaration the informal allegation of Wooster's death therein made is aided by the plea, and the defendant

Walker *v.* Wooster's Admr.

is afterwards estopped from denying a fact which he has conceded on the record. 1 Chit. Pl. 671; Stephen. Pl. s. 147; *Ralston* v. *Strong*, 1 D. Chip. 287; Roberts' Digest, 536, s. 144.

The replication brings the case within R. L. s. 2130. An action pending when a defendant dies continues to be pending until commissioners upon his estate are appointed. The replication sufficiently avers the pendency of such suit, the death of the defendant as shown, *supra*, the appointment of commissioners and the presentation of the claim within one year after the action in the name of Briggs was defeated, which action was brought before the statute of limitations had run.

*The judgment of the County Court is affirmed and the case is remanded with leave to the defendant to replead upon the usual terms.*