EMERY W. HENRY v. FITCHBURG RD. CO.

WINDHAM COUNTY, 1893:

Before: ROSS, CH. J., TAFT, ROWELL AND START, JJ.

*Incompetency of fellow servant. Knowledge of plaintiff. How negated.*

The claim of the plaintiff being that the defendant had negligently employed an incompetent fellow-servant, an allegation in the declaration that the plaintiff was at the time of the injury "in the prudent and careful discharge of the duties of his employment," is, upon general demurrer, a good allegation that the plaintiff was, without fault, at work with the fellow servant, and hence sufficiently negates the idea, if such negation be necessary, that he had knowledge, of the incompetency.

Case for the negligence of the defendant. Heard upon general demurrer to the declaration at the September term, 1892, MUNSON, J., presiding. Demurrer overruled. The defendant excepts. The point raised appears in the opinion.

*J. K. Batchelder* for the defendant.

If a servant continues in the employment with knowledge of a co-servant's incompetency, he cannot recover for the injury due to that cause. *Latremouille* v. *Railroad Co.*, 63 Vt. 336; *Laning* v. *Railroad Co.*, 49 N. Y. 521; *Maydew* v. *Manufacturing Co.*, 29 Conn. 548; *Railway Co.* v. *Barber*, 5 Ohio St. 541; *Carbine* v. *Railroad Co.*, 61 Vt. 348.

And he must allege and prove that he had no knowledge of such incompetency. *Hyde* v. *Jamaica*, 27 Vt. 465:

*Barber* v. *Essex,* 27 Vt. 64; *Walker* v. *Westfield,* 39 Vt. 253; *Tyndale* v. *Railroad Co.,* 31 N. E. Rep. 655; *Spencer* v. *Railway Co.,* 29 N. E. Rep. 915; *Railway Co.* v. *Green,* 106 Ind. 279; *Allyn* v. *Railroad Co.,* 105 Mass. 77; *Hathaway* v. *Railroad Co.,* 45 Ind. 25; *Hinkley* v. *Railroad Co.,* 120 Mass. 257; *Stock* v. *Wood,* 136 Mass. 353; *Butler* v. *Frink,* 51 Conn. 342; *Freeman Co.* v. *Abend,* 107 Ill. 44; *Greenleaf* v. *Railroad Co.,* 29 Iowa 14; *Chase* v. *Maine R. R. Co.,* 77 Me. 62; *State* v. *Maine R. R. Co.,* 76 Me. 357.

*L. M. Reed* for the plaintiff.

The declaration is sufficient. *Noyes* v. *Smith & Lee,* 28 Vt. 59; *Hard, Admr.,* v. *Railroad Co.,* 32 Vt. 472; *Cayzer* v. *Taylor,* 10 Gray 274; *Gilman* v. *Railroad Co.,* 13 Allen 433; *McDermott* v. *Boston,* 133 Mass. 349; *Lansing* v. *N. Y. Cent. Rd. Co.,* 49 N. Y. 521; *Chapinaw* v. *Erie Rd. Co.,* 55 N. Y. 579; *Mann* v. *Del. & Hud. Canal Co.,* 91 N. Y. 495; *Keegan* v. *Railroad Co.,* 4 Selden 175; *Fifield* v. *Railroad Co.,* 42 N. H. 225; *Hayden* v. *Mfg. Co.,* 29 Conn. 548; *Buzzell* v. *Mfg. Co.,* 48 Me. 113.

The opinion of the court was delivered by

ROWELL, J. This is an action on the case by a servant against the master for an injury alleged to have been received by the plaintiff by reason of the negligence of a fellow-servant, who, it is alleged, was careless and incompetent, to the knowledge of the master. The objection urged to the sufficiency of the declaration is that it does not allege that the plaintiff did not know that the fellow-servant was careless and incompetent. The argument is that it devolves upon the plaintiff, as a necessary part of his case, to show that his own negligence did not contribute to his injury, and that, it being necessary for him to prove it,

he must allege it, and therefore, that he should have alleged want of knowledge on his part of the alleged character of the fellow-servant, in order to have properly negatived contributory negligence. But conceding, for present purposes, this argument to be sound, we think the declaration fulfills the requirement; for it alleges that at the time the injury was received the plaintiff was "in the prudent and careful discharge of the duties of his employment."

This allegation cannot be restricted, as claimed by the defendant, to the mere physical work that plaintiff was doing between the cars at the time of injury, but it embraces the fact of his being there as well, and is in effect an allegation, good against a general demurrer, that he was not negligent in being there, and is broad enough to let in proof that he did not know of the alleged character of the engineer, who was the fellow-servant, as bearing on the question of contributory negligence.

*Judgment affirmed and cause remanded.*