METROPOLITAN STOCK EXCHANGE *v.* LYNDONVILLE NATIONAL BANK.

May Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD, and HASELTON, JJ.

Opinion filed February 29, 1904.

*Pleading — Replication, De Injuria — Corporation — Ultra Vires—Estoppel—Judicial Notice—Acts of Congress.*

In an action of assumpsit against a corporation, to a plea of *ultra vires* the replication *de injuria* is bad.

The acts of Congress are not facts to be alleged and proved in the state courts. They are a part of the law of which the state courts take judicial notice.

In an action of assumpsit against a corporation, the plea that the defendant was a national bank, and without authority to make the contract declared upon, is good.

Contracts which are *ultra vires* in the strict sense, are wholly void, not merely voidable; and therefore they cannot be ratified.

A corporation cannot be estopped from making the defense of *ultra vires*.

GENERAL AND SPECIAL ASSUMPSIT. Pleas, (1) the general issue, (2) *ultra vires*. Replication to second plea, *de injuria*. Heard on demurrer to replication to second plea, at the December Term, 1902, Caledonia County, *Watson*, J., presiding. Judgment, that the demurrer be sustained, and the replication is insufficient. The plaintiff excepted.

The first special count alleged that the defendant upon good and valid consideration moving from the plaintiff to the defendant, entered into the following written contract with the plaintiff: "We hold for you (the plaintiff) two thousand five hundred and twenty-seven dollars ($2,527.00), to be yours (the plaintiff's) on delivery of one hundred shares of United States Rubber—meaning one hundred shares of the stock of the United States Rubber Co."; that relying on this agreement the plaintiff purchased for the defendant one hundred shares of this stock, and sent the certificates to the defendant with a demand draft for $2,527.00; that defendant refused to accept the stock, returned the certificates, and refused to pay the draft; that the price of this one hundred shares had depreciated $600 since the purchase; that plaintiff lost by this depreciation, and the expense of purchasing the stock and sending same with the draft to the defendant, the sum of $610.00; that by reason of said written contract the defendant became liable to pay the plaintiff this sum.

The second special count is substantially the same as the first, except that it does not quote the written contract, but alleges that the defendant "in consideration that the plaintiff would, within a reasonable time thereafter, purchase certain shares of the United States Rubber Company's stock, to wit, one hundred shares, and would deliver the same to the defendant bank, the defendant bank faithfully and in writing, promised to pay the plaintiff $2,527.00 in cash on the delivery of said shares of stock."

The substance of the second plea, which concludes with a verification is stated in the opinion. The replication to said plea is as follows:

"And the said plaintiff, as to the plea of the said defendant by it secondly above pleaded, saith that it, the plain-

tiff, by reason of anything by the said defendant therein alleged, ought not to be barred from having or maintaining its aforesaid action against the defendant, because it says that the said defendant of its own wrong, without the cause by the said defendant in its said second plea above alleged in that behalf, disregarded its said promise and agreement and did not accept and pay said draft, but held the same and said one hundred shares a long time and then refused to and did not accept and pay the said draft and keep the one hundred shares of stock, but returned the certificate of the stock to the plaintiff as aforesaid, whereof the plaintiff hath in said second count complained against the defendant; without this that at the time of making said promises and undertakings they were beyond the power of the defendant to make, and therefore void against it; and this the plaintiff prays may be inquired of by the country."

*May & Simonds* for the plaintiff.

The defendant has pleaded the United States Statutes. It must prove those statutes. *Morrisette* v. *C. P. R.*, 74 Vt. 232; *Burke* v. *R. R. Co.*, 1 Cliff. 308; No. 2161, Fed. Cas. 99 Mass. 388; Crogate's Case, 8 Coke, 66; 1st Smith's Leading Cases, 53.

*Ultra vires* must be specially pleaded. *Griesa* v. *Mass. Ben. Asso.*, 133 N. Y. 619.

When a contract with a corporation has been executed by one of the parties the other will not be permitted to plead *ultra vires*. *Holmes Co.* v. *S. Co.*, 127 N. Y. 252; *State Bld. Co.* v. *R. Co.*, 17 Am. Rep 702; Clark, Contracts, 286; 63 N. Y. 63; Thompson, Cor. §§ 6015-6018; Morse on Banking, (3rd ed.) § 731.

*Dunnett & Slack* for the defendant.

A national bank has the right to plead its want of power, that is, to assert the nullity of an act which is *ultra vires*. *Wiley* v. *First Nat. Bank of Brattleboro*, 47 Vt. 546; *California Nat. Bank* v. *Kennedy*, 167 U. S. 362; *Burrows* v. *Niblack*, 84 Fed. 111; *Concord First Nat. Bank* v. *Hawkins*, 174 U. S. 364.

If the replication is the replication *de injuria* it is a general traverse of all the facts set forth in the plea. This replication, however, is not the replication *de injuria*. *Henderson* v. *Withy et al.*, 2 Durnf. & East 576; *Hanna* v. *Rust et al.*, 21 Wnd. 149; *Chandler* v. *Roberts*, 1 Doug. 58; *Day* v. *Bank*, 13 Vt. 102.

HASELTON, J.  This was an action of general and special assumpsit. Special counts, two in number, set out promises and undertakings on the part of the defendant regarding a transaction in respect to shares of the United States Rubber Company, and a breach of such promises and undertakings resulting in damage to the plaintiff.

The defendant filed pleas, the second of which was in brief to the effect that the supposed promises and undertakings set out in the declaration related solely to an alleged supposed purchase by the defendant from the plaintiff of such shares, and that at the time in question the defendant was a national bank without power or authority to make such alleged purchase.

To this plea the plaintiff filed a replication which, though somewhat like a special traverse, is in its general structure and purpose a replication *de injuria*. It contains the characteristic allegation that, "The said defendant of its own wrong, without the cause by the said defendant in its said second plea above alleged in that behalf disregarded its said promises and agreement." To this replication the defendant demurred.

The demurrer was sustained and the replication adjudged insufficient.

The replication *de injuria,* though peculiarly applicable in actions of tort, is, under a rule of practice now grown familiar, allowable in actions of assumpsit to meet a plea which merely sets up matter of excuse for the non-performance of a promise or undertaking. But the plea of *ultra vires* here interposed denies the making of the alleged agreement on the ground that the plaintiff could not make it. In the nature of things, it is no reply to such a plea to allege that the defendant of its own wrong and without the cause alleged in the plea disregarded its promise and agreement.

This replication closes with a denial that the alleged promises and agreement of the defendant were beyond its power to make. It is argued in behalf of the plaintiff that this is a traverse of fact, the ground of the argument being that as the states of the union are foreign to each other, so the Federal government and each state are foreign each to the other and that a statute of one is a fact to be pleaded and proved in the courts of the other if there relied on. But in each state the acts of the Legislature of that state and the acts of Congress operate alike upon every one and alike claim recognition and due application by the courts. The public statutes of the general government are no more facts to be alleged and proved in the courts of a state than are the public statutes of that state.

Under our complex system there are in every state two bodies of statutory law equally entitled to direct recognition. When questions relating to bankruptcy, naturalization, the national banking system, coinage and currency, patents, interstate commerce, the postal system, copyrights, internal revenue, and other proper matters of congressional legislation

are before the state courts, the public acts of Congress on those subjects are not facts to be proved, but the courts and all concerned must take notice of them precisely as they must take notice of the public acts of their own state Legislature.

If in this case an attempt is made to treat the replication as something else than that for which it was obviously intended, difficulties are presented which cannot fairly be met. The result is that the replication is adjudged bad.

The question now arises whether or not the plea is good; for it is a truism that a bad replication may be a sufficient answer to a bad plea. The plea is good in form, and, whatever conflict of decisions there may have been formerly or may be now, we have no hesitation in saying that it is good in substance, and we so hold. *Concord National Bank* v. *Hawkins,* 174 U. S. 364; *California Bank* v. *Kennedy,* 167 U. S. 362; *McCormick* v. *Market Bank,* 165 U. S. 538; *Central Transportation Co.* v. *Pullman Car Company,* 139 U. S. 24.

Counsel for the defendant having in their brief referred to and quoted from *Wiley* v. *National Bank of Brattleboro,* 47 Vt. 546, this court takes occasion to point out that that case and *Whitney* v. *National Bank of Brattleboro,* 50 Vt. 389, are expressly disapproved by the Supreme Court of the United States in *National Bank* v. *Graham,* 100 U. S. 699.

With regard to contracts which are *ultra vires* in the strict sense, the sound doctrine is that they are wholly void and not merely voidable; that the corporation is under a perpetual disability to make them; that, therefore, there can be no ratification by the corporation, and that a corporation cannot be estopped from making the defense of *ultra vires* when it is sued for non-performance on its part. The denial of corporate existence, and the claim that a corporation has not proceeded in the way or through the officers designated by

law, are defenses that stand on a different and much narrower ground than the defense of *ultra vires* in its full and proper sense.

In some cases a corporation which has received the benefit of an *ultra vires* contract may be recovered from on a *quantum meruit* without reference to the attempted contract. In some cases a corporation may be liable in an action of tort for acts connected with or growing out of an attempted *ultra vires* contract. In some cases directors or officers of a corporation may make themselves liable in an attempt to fix upon the corporation a liability with which it cannot under the law be charged. It may be said, too, in passing that directors of corporations do well to heed the right of the government which has created them to act properly and efficiently with reference to usurpations of power on the part of its creations.

Whether, if the facts in this case are as alleged in the plaintiff's declaration, the plaintiff, under a different state of pleadings, has a remedy in this action, or whether he has a remedy in some other action against this defendant or against some other defendant or defendants, are questions not considered.

*Judgment affirmed, and cause remanded.*