DANIEL DOYLE *v.* CHARLES E. MELENDY.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed December 18, 1911.

*Master and Servant—Fellow Servant—Competency—Measure of Master's Liability—Pleading—Declaration—Conclusions of Law — Inconsistency — Demurrer — Grounds not Considered Below.*

As between master and servant, a master is not an insurer of the competency of fellow servants, but is only bound to exercise reasonable care in selecting them.

In an action on the case for negligence, plaintiff need not allege the legal duty for the breach of which he sues, but must state facts from which the court can see that a legal duty existed, and so an incorrect or incomplete statement of the legal duty will not vitiate a count that is otherwise sufficient.

In a servant's action for injuries, although the mere allegation that defendant did not provide competent fellow servants is insufficient, for he may have failed to do that and not be liable, yet that averment followed by the allegation, "all of which was then and there well known to the defendant," necessarily negatives the exercise of the requisite care, and so is sufficient.

Where the grounds of demurrer specified below were directed to the whole declaration, consisting of several counts, a special objection to only one count will not be considered on review.

The rule that a pleading containing inconsistent allegations is bad does

not apply to an inconsistency between allegations in separate counts of a declaration.

CASE for negligence. Heard on demurrer to the third count of the original declaration, and to the first, second, and fourth counts of the amended declaration, at the September Term, 1910, Windham County, *Taylor*, J., presiding. Demurrer sustained as to the third count of the original declaration and thereupon plaintiff waived that count, and it was stricken from the record; demurrer overruled as to the first, second, and fourth counts of the amended declaration, and those counts adjudged sufficient. The defendant excepted. Cause passed to the Supreme Court before final judgment.

*Clarke C. Fitts* and *Hermon E. Eddy* for the defendant.

*Gibson & Waterman* and *Chase & Daley* for the plaintiff.

MUNSON, J. The first, second and fourth counts of the amended declaration allege in substance that it was the duty of the defendant to provide competent fellow servants to work with the plaintiff, and that the defendant was negligent in that he failed to provide such servants. It is claimed that these counts are defective in that they make the defendant an insurer of the competency of the plaintiff's fellow servants, when reasonable care in their selection is all that the law requires of him.

If good pleading requires that the plaintiff allege with accuracy the legal duty wherein the defendant's failure subjects him to liability, the counts are clearly insufficient; for the law is as the defendant claims. But the rule is that the plaintiff need not allege the legal duty, but must allege facts from which the court can see that a legal duty existed. When the facts which show the legal duty and the defendant's failure in respect to that duty are sufficiently alleged, an incorrect or incomplete statement of the legal duty will not vitiate the count.

It is claimed, however, that the allegations of fact are not sufficient to show that the duty which the defendant owed the plaintiff and failed to perform was the duty to exercise reasonable care in providing competent fellow servants, instead of the duty

to provide such servants, as set forth. Stated in general terms, it is the duty of the master to provide competent fellow servants; but this statement is to be taken in connection with the rule of law which holds that this duty is discharged by an exercise of reasonable care in that behalf. If the facts alleged are sufficient to charge the defendant with the duty of providing competent fellow servants the count will be sufficient, in whichever form the duty is set up,—provided the failure to perform the duty is properly charged.

A mere statement that the defendant did not provide competent fellow servants will not be sufficient, for the defendant may have failed to provide competent fellow servants and yet not be liable. The first and second counts, after averring that the defendant did not provide fellow servants competent for the work, allege further, "all of which was then and there well known to the defendant." We think this is a sufficient allegation of knowledge; and an allegation that the defendant employed men whom he knew to be incompetent necessarily negatives the exercise of reasonable care in selecting them.

The frame of the fourth count, as regards the allegation of knowledge, differs from that of the first and second; and the defendant contends that this count, at least, contains no allegation that he had knowledge of the incompetency of the fellow servants. The specification of grounds of demurrer directed the lower court's attention to this subject only in an aspect applicable to all the counts, and the special objection now made to the fourth count will not be considered.

One Fellows is described in some of the counts as a fellow-servant of the plaintiff, and in others as the foreman in charge of the work. The defendant claims that these are inconsistent allegations, which neutralize each other, and vitiate all the counts. The general rule is that a pleading which contains inconsistent allegations is bad. Here, the allegations claimed to be inconsistent are found in different counts of the declaration. If the declaration were to be treated as one pleading it would be within the rule as stated. But each count is supposed to be complete in itself and to set up a distinct cause of action. The use of several counts, where there is in fact but one cause of action, is ordinarily for the purpose of meeting the various possibilities

of the plaintiff's proof.   The special objection here is that both allegations treat of Fellows in the discharge of the same piece of work, and that he could not be, for the purpose of that one piece of work, both foreman and fellow servant. But, assuming that the counts must be taken to describe the same transaction, the nature of Fellows' relation to the work is to be determined by the proof; and we see no reason why the plaintiff may not have the advantage of counts that will enable him to recover on either ground.

*Judgment affirmed and cause remanded.*