LEVI BOUCHARD *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1913.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 28, 1914.

*Evidence—Judicial Notice—Laws of United States—Master and*
*Servant—Action for Injuries to Servant—Sufficiency of*
*Declaration—Negativing Contributory Negligence—Joinder*
*of Counts at Common Law and on Federal Statute.*

The State courts take judicial notice of federal statutes.

In a servant's action for injuries, counts in case relying on the Federal
Employers' Liability Act may be joined with like counts relying
on the common law, since, although the two sets of counts are in-
consistent in that the federal law is exclusive to the extent of its
application, there is no "repugnancy," for the doctrine of repug-
nancy relates only to inconsistent matters of substance in the
same count or plea, and the two sets of counts state what must be
regarded as different causes of action.

It is the policy of the law to permit and encourage the joinder of
causes of action that are of the same nature and are to be pursued
in the same form of action regardless of the fact that some of
the causes of action are created by statute and others by the
common law.

In an action by a locomotive engineer against a railroad company for
injuries, where the declaration alleges that the defendant was by
its rules required to transmit to conductors and engineers orders
for the government of their trains, and to keep at stations train
registers in which conductors registered the arrival and departure
of their respective trains for the information of conductors and
engineers of other trains; that plaintiff and his conductor on a
train going north received an order to meet a designated train at
Roxbury, but when they arrived at that station the register showed
that the other train had already arrived and departed, when in
fact it had departed by returning to Montpelier and was then
making a second trip from Montpelier to Roxbury, thereby causing
the collision in which plaintiff was injured; it cannot be said, as

matter of law, that negligence is not charged in each of the counts, two of which charge negligence in failure to make and enforce a proper system of rules applicable to the orders to plaintiff and his conductor in the circumstances, and the others charge negligence in failure to give a plain, safe, and proper order in the particular case; and the allegations sufficiently charge the claimed negligence to have been the proximate cause of the injury to plaintiff.

Argumentativeness in a pleading can be taken advantage of only by a special demurrer that points out wherein the argumentativeness resides.

The allegation, in a declaration for injury to a railway engineer by a collision, that the collision and injury were "solely on account of the negligence of the defendant in the premises" sufficiently negatives contributory negligence.

CASE for negligence. Heard on demurrer to the declaration at the April Term, 1913, Windham County, *Taylor,* J., presiding. Demurrer overruled, *pro forma,* and declaration adjudged sufficient. The defendant excepted. The opinion states the case.

*C. W. Witters, Clarke C. Fitts* and *Hermon E. Eddy* for the defendant.

The decisions are somewhat conflicting on the subject of joinder of counts under a statute with counts at common law. There is a line of cases holding that they cannot be joined. Some of these are: *Morrison* v. *Bedell,* 22 N. H. 234; *Smith* v. *Meanor,* 16 Serg. & R. 375; 1 Comyns Dig. Tit. "Actions" G.; *Wachusett National Bank* v. *Steele,* 135 Mich. 688, 98 N. W. 748; *Hogsett* v. *Ellis,* 17 Mich. 351; *McKenzie* v. *Gibson,* 73 Ala. 204; *Swift* v. *Applebone,* 23 Mich. 352. Some cases holding the contrary are: *Fairfield* v. *Burt,* 11 Pick. 244; *Worcester* v. *Proprietors of Canal Bridge,* 16 Pick. 541; *Lamphier* v. *R. R.,* 33 N. H. 495. A test sometimes applied is whether or not the same plea may be pleaded or judgment rendered on the different counts. 23 Cyc. 396; 1 Chitty 199; *Whipple* v. *Fuller,* 11 Conn. 582, 29 Am. Dec. 330; *Hayes* v. *Borders,* 6 Ill. 46; *Beady* v. *Spurk,* 27 Ill. 478; *Wilson* v. *Marsh,* 1 Johns. 503; *Williams* v. *Bramble,* 2 Md. 313; *Dobbs* v. *Greene,* 2 Wis. 228.

*Robert C. Bacon* and *Green & Bennett* for the plaintiff.

Counts relying on a statute are properly joined with counts relying on the common law where nature of the action, the plea, and the judgment would be the same. *Sloss Iron Co.,* v. *Tilson,* 141 Ala. 152; *Elder* v. *Hilzeim,* 35 Mass. 231; *Penn. R. R.* v. *Rock,* 93 Pa. St. 427; *Gruber* v. *Bank,* 87 Pa. St. 465; *Ryall* v. *Mechanics Mills,* 150 Mass. 190.; *Heridia* v. *Ayres,* 12 Pick. 334; *Prescott* v. *Tufts,* 4 Mass. 146; *Bottomly* v. *R. R.,* 44 Mich. 542, 7 N. W. 214; *Pisa* v. *Holy,* 114 Ill. App. 6; *Lewissohn* v. *Stoddard,* 78 Conn. 575, 63 Atl. 621; *Clare* v. *R. R.,* 172 Mass. 211; *Jones* v. *Chesapeake & Ohio R. R.,* 149 S. W. 915.

HASELTON, J. The action is case for negligence, and was heard on a demurrer to the declaration, and to counts one, two, three, four, five, and six, of the declaration. The demurrer was overruled *pro forma* and to this ruling the defendant excepted. The case comes here before trial on the questions of pleading raised by the assigned grounds of demurrer.

The plaintiff, to state the case made by the declaration, was an engineer in the employ of the defendant and was injured in the course of such employment. Four counts of the declaration are at common law. The others, three in number, assert, in substance, that the plaintiff was injured while the defendant was engaged in interstate commerce, and while the plaintiff was employed by the defendant in such commerce. No question is made as to the character of the counts. The latter counts refer expressly to the Federal Employers' Liability Act, and rest the right of action thereon; but this reference is unnecessary for the state courts do and must take notice of the federal act. *Metropolitan Stock Exchange* v. *National Bank,* 76 Vt. 303, 76 Atl. 101; *Missouri etc. Ry. Co.* v. *Wulf,* 226 U. S. 570, 576, 57 L. ed. 355, 33 Sup. Ct. 135.

The demurrer to the whole declaration raises the question, chiefly argued, of whether the counts at common law can be joined with the counts under the federal statute. The object of the pleader in joining the two sets of counts may be inferred to have been, uncertainty as to what the evidence would develop as to the character of the freight carried by the train on which he was injured, and the purpose to have a count applicable to the facts that the evidence might tend to show. The two sets

26

of counts state what must be regarded as different causes of action.  *St. Louis etc. Co.* v. *Seale,* 229 U. S. 156, 57 L. ed. 1129, 33 Sup. Ct. 651; *Troxall* v. *Delaware etc. Co.,* 227 U. S. 434, 57 L. ed. 586, 33 Sup. Ct. 274; *Winfre* v. *Northern etc. Co.,* 227 U. S. 296, 57 L. ed. 518, 33 Sup. Ct. 273; *Michigan etc. Co.* v. *Vreeland,* 227 U. S. 59, 57 L. ed. 417, 33 Sup. Ct. 192.

But the mere fact that the causes of action are different is no objection to the joinder.  It is the policy of the law to permit and encourage the joinder of causes of action that are of the same nature and are to be pursued in the same form of action.  *Sawyer* v. *Childs,* 83 Vt. 329, 75 Atl. 886; *Gordon* v. *Journal Publishing Co.,* 81 Vt. 237, 69 Atl. 742; *Lee* v. *Springer,* 73 Vt. 183, 50 Atl. 809; *Holton* v. *Muzzy,* 30 Vt. 365; 1 Chitty Pl., *199-*202; Gould's Pleading, c. 4, §§79-83.

And it is not now considered material, if other conditions are met, that a statutory cause of action is joined with one at common law.  *Ranney* v. *St. J. & L. C. R. R. Co.,* 64 Vt. 277, 24 Atl. 1053; *Preston* v. *St. J. & L. C. R. R. Co.,* 64 Vt. 280, 25 Atl. 486; *McDuffee's Admx.* v. *Boston & Maine,* 81 Vt. 52, 75, 69 Atl. 124; *Marquette etc. Co.* v. *Dielie,* 208 Ill. 116, 70 N. E. 17; *Green* v. *Michigan etc. R. Co.,* 168 Mich. 104, 133 N. W. 956, Ann. Cas. 1913 C, 98; *Clark* v. *Worthington,* 12 Pick. 571; *Worster* v. *Canal Bridge,* 16 Pick. 541; *McLaughlin* v. *Hebron,* 171 Fed. 269.

The tradition, sometimes called a principle, that a common law cause of action cannot be joined with one given by statute, seems in the remote analysis to have no better support than a case, reported anonymously in Jenkins Centuries, which goes only to the extent of holding, that where the two actions are different in nature and form, as an action of trespass on a statute and an action of detinue at common law, they cannot be joined. Jenk. Cent. Case, 46, p. 211.

The question is not that of allowing an amendment which introduced a new cause of action, a matter that has led to much discussion in view of the common law and the more or less limited statutory power to grant amendments.  Acts of 1912, No. 91, §1; P. S. 1498; *Sowles* v. *Hartford etc. Co.,* 85 Vt. 56, 81 Atl. 98; *Derosia* v. *Ferland,* 83 Vt. 372, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 Am. St. Rep. 1092; *Estabrooks* v. *Fidelity etc. Co.,* 74 Vt. 202, 52 Atl. 420; *Brodek* v. *Hirschfield,* 57 Vt. 12; *McDermid* v. *Tinkham,* 53 Vt. 615; *Dana* v. *McClure,*

39 Vt. 197; *Union Pacific Ry. Co.* v. *Wyler,* 158 U. S. 285, 39 L. ed. 983; 15 Sup. Ct. 877.

We have here, omitting a question presently to be discussed, the simple and ordinary case of the original joinder in an action of case of two causes of action both properly brought in that form, and there is no difficulty about the matter unless it is found in the inconsistency of the counts, a point somewhat dwelt upon by the defendant.

It is true that the counts are inconsistent in that the federal law is exclusive to the extent to which it applies, so that if the plaintiff makes out a case of liability under that law there can be no liability under the common law counts.

But the common law doctrine of repugnancy relates to inconsistent matters of substance in the same count or plea. Counts and pleas which are merely inconsistent are not for that reason repugnant in a legal sense. *Doyle* v. *Melendy,* 85 Vt. 297, 81 Atl. 1129; *White* v. *Snell,* 9 Pick. 16; *Barton* v. *Gray,* 48 Mich. 164, 12 N. W. 30.

Though inconsistent methods of pleading are not to be tolerated, inconsistency between pleas is permissible. *Powers* v. *Rutland R. Co.,* 83 Vt. 415, 419, 76 Atl. 110.

Inconsistency of statement between counts is merely the common law way of providing for the exigencies of the evidence. In equity the same thing is done in a proper case by the drawing of a bill in a double aspect, that is in the alternative. *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184; *Nichols* v. *Nichols,* 61 Vt. 429, 18 Atl. 153; *McConnell* v. *McConnell,* 11 Vt. 290.

So it is that in many of the states that have abolished or greatly modified the common law system of pleadings a complainant may present his case in a double aspect and may say, ''if that is not true then this is and in either case I claim to recover.'' *Payne* v. *New York etc. R. Co.,* 201 N. Y. 436, 95 N. E. 19; *Astin* v. *Chicago etc. R. Co.,* 143 Wis. 447, 128 N. W. 265, 31 L. R. A. (N. S.) 158; *Jones* v. *Holtzen,* 141 S. W. 121; *Morrison* v. *Bartlett,* 131 S. W. 1146, (Tex. Civ. App.); *Carbary* v. *Detroit etc. Ry.,* 157 Mich. 683, 122 N. W. 367; *Cleveland etc. Ry. Co.* v. *Gossett,* 172 Ind. 525, 87 N. E. 723; *Sloss* v. *Tilson,* 141 Ala. 152, 37 So. 427; *Bankson* v. *Illinois etc. R. Co.,* 196 Fed. 171.

The defendant calls attention to the fact that if the plaintiff had been killed, and that if his personal representatives had

sued, joining counts as they are here joined, the recovery, if one was had, would not, at least not necessarily, be for the benefit of the same person. But that is not this case and it is unwise to anticipate. Neither do we consider the matter of election after the coming in of the evidence, or at any other stage of the case.

The demurrer to the declaration on the ground of the misjoinder of counts was properly overruled.

Counts one, two, five, and six, were demurred to on the ground that under the allegations of those counts the plaintiff was injured because of disobedience of orders of the defendant.

The story of this accident as told in the different counts in ways which differ slightly is this: The defendant was required by its rules to transmit to conductors and engineers orders for the government of their trains, and kept at stations books called train registers in which conductors by requirement of the defendant registered the arrival and departure of their respective trains for the information and instruction of the conductors and engineers of other trains, thereafter arriving at and departing from such stations, "in respect to running and operating" their respective trains. The plaintiff and his conductor on a certain train going north received orders to meet a certain other train at Roxbury. On their arrival at Roxbury the defendant's train register showed that the train to be met had arrived and departed. It had in fact departed not by going on but by going back to Montpelier, and it was making a second trip over the line from Montpelier to Roxbury. Of this the plaintiff and his conductor knew nothing, but believed from the information given in the train register that the train they were to meet had already gone on, and so they started out from Roxbury toward Montpelier with the result that a collision occurred with the train which having been registered out of Roxbury, was in fact coming in.

Both the orders to the plaintiff and his conductor, and the entries on the train register by conductors of other trains were for the guidance of the plaintiff and his conductor.

The negligence charged in two of the counts under consideration is the failure to make and enforce a proper system of rules applicable to the orders to the plaintiff and his conductor in the situation. The negligence charged in the other counts is the failure of the defendant to give a plain, safe and proper

order in the particular case. As the situation is set out, we cannot say as matter of law that negligence is not charged in each and every count. The pleader does not present a simple case of disobedience of orders. *Mahoney's Admr.* v. *R. R.,* 78 Vt. 244, 62 Atl. 722.

Nor do any of the counts charge, as the defendant claims with regard to some, a duty to give the reasons for orders nor do the allegations amount to that.

Counts one, two, five, and six, are demurred to on the further ground that the negligence charged to the defendant was not the proximate cause of the injury to the plaintiff. But the allegations are sufficient as against this ground of demurrer. The claim is that under the allegations there were intervening causes sufficiently shown by the above narrative, independent of the alleged negligence of the defendant; but as we read the counts they point out the negligence of the defendant as the proximate and efficient cause of the injury, and the so-called intervening causes are made to appear otherwise. *Isham* v. *Dow's Estate,* 70 Vt. 588, 41 Atl. 585; 45 L. R. A. 87, 67 Am. St. Rep. 691; *Ide* v. *Boston & Maine,* 83 Vt. 66, 79, 74 Atl. 401.

The third count of the declaration is demurred to as containing an argumentative allegation as to the legal effect of orders given to the plaintiff. Argumentativeness cannot be taken advantage of by general demurrer. *Willey* v. *Carpenter,* 64 Vt. 212, 23 Atl. 630, 15 L. R. A. 792; *Walker* v. *Wooster,* 61 Vt. 403, 17 Atl. 792; *Sheridan* v. *Sheridan,* 58 Vt. 504, 5 Atl. 494.

And if the demurrer be treated as special, though the grounds of it were not filed until about three weeks after the demurrer was filed, then it is of no avail, for it does not point out wherein the argumentativeness resides. *Webster* v. *State etc. Ins. Co.,* 81 Vt. 75, 69 Atl. 319; *Willey* v. *Carpenter,* 64 Vt. 212, 23 Atl. 630, 15 L. R. A. 853; *Walker* v. *Wooster,* 61 Vt. 403, 17 Atl. 792.

Counts one, two, three, and four, are demurred to on the ground that, being at common law, they do not negative contributory negligence on the part of the plaintiff in connection with matters and things constituting the proximate cause of the injury under the allegations of the counts. But each count after its allegations of negligence on the part of the defendant, has in its closing paragraph the allegation that the collision and

injury were "solely on account of the negligence of the defendant in the premises." On this branch of the case that was all that the plaintiff need prove, and therefore all that he was required to allege.

The allegations in this respect sufficiently negatived contributory negligence. *Bovee* v. *Danville*, 53 Vt. 183, 189; *Henry* v. *Fitchburg R. R.*, 65 Vt. 436, 26 Atl. 485; *Benedict* v. *Union Society*, 74 Vt. 91, 103, 52 Atl. 110.

All the grounds of demurrer assigned below have been noticed in the order in which they appear in the specification thereof.

*Pro forma judgment affirmed and cause remanded for trial on its merits.*