FANNY F. PROUTY *v.* PELLETT & SKINNER.

Special Term at Brattleboro, February, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 2, 1922.

*Pleading—Amendment of Complaint—Discretion of Court in Amending Pleadings—County Court Rule 11—Municipal Ordinance Must Be Pleaded When Basis of Action—Evidence of Municipal Ordinance Irrelevant Under Pleadings—Improper Argument of Counsel—Harmless Error—Excep-*

*tion Limited to Ground Stated—Rights of Public and Abutting Owners to Use of Highway.*

1. In an action for personal injuries the original complaint was a declaration for common law negligence, and at opening of trial plaintiff sought, but was refused, permission to amend the complaint by filing a count based on the violation of a municipal ordinance. *Held*, that there was no abuse of discretion by the trial court in refusing to allow amendment, and that plaintiff was not entitled thereto as a matter of right under County Court Rule 11, because the proposed amendment was not for the same cause of action.

2. When a suit is predicated on a municipal ordinance as the basis of the action, the ordinance must be pleaded, and unless pleaded it is not admissible in evidence.

3. In an action for personal injuries, a municipal ordinance requiring a permit to erect any staging on any street or sidewalk in the municipality, *held* irrelevant and inadmissible in evidence, because not tending to show defendants' negligence in the respect charged in the declaration.

4. A statement of defendants' counsel in argument to the jury which had a bearing only on the question of damages, although improper and unwarranted by the evidence, was harmless when the question of damages was not reached because of a general verdict for defendant.

5. The Supreme Court will not reverse a case because of improper argument of counsel not shown to have been harmful, as its province on review is to correct errors of law and not of ethics.

6. Where counsel in argument made a statement of fact unwarranted because not supported by the evidence, to which exception was taken by plaintiff and granted by the presiding judge, who informed counsel that he did not remember such testimony and thought counsel mistaken, and the latter thereupon withdrew the statement and asked the jury to disregard him when he misquoted the evidence, no prejudicial error is shown.

7. Where an exception to a certain part of the court's charge is confined to one ground, no other ground will be considered.

8. Instructions of the court as to defendants' right to a reasonable use of the highway, when making repairs on a building adjacent thereto, *held* proper.

9. The right of the public to the free and unobstructed use of a highway not being absolute and unlimited, an abutting owner has a right to make such incidental, temporary, or partial obstructions as his reasonable necessities require, subject to the conditions that such use must be reasonable in character and duration, and he need not obtain a permit from the municipal authorities therefor, civil liability only attaching when negligence is shown.

ACTION OF TORT to recover for personal injuries. Plea, the general issue. Trial by jury at the September Term, 1921, Windham County, *Fish, J.,* presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*O. B. Hughes* and *M. P. Maurice* for plaintiff.

*Charles F. Black* and *Barber, Barber & Miller* for defendants.

POWERS, J. This is an action of tort for personal injuries alleged to have been sustained through the defendant's negligence. Issue was joined on a general denial implied by the rule. Verdict and judgment were for the defendants, and the plaintiff brings the case here on exceptions. The defendants were contractors and builders and were remodeling the Vermont National Bank Building in the village of Brattleboro. They had fenced off the sidewalk adjacent to this building so that people passing there had to step down into and pass along in the roadway. Their workmen had allowed pieces of brick and other building refuse to accumulate and remain in the roadway, and the plaintiff while passing along in the roadway next to the defendant's fence, stepped on some of these broken brick, which rolled under her foot and caused her to fall, and to sustain the injuries sued for.

[1] The original complaint was in the form of a declaration for common law negligence, and when the trial opened, the plaintiff asked leave to amend the complaint by filing two new counts; one for common law negligence and the other counting on a violation of a certain ordinance of the village of Brattleboro.

She was allowed to file the first of these, but not the second, and she excepted.

Assuming, as counsel have, that the violation of a municipal ordinance gives rise to a civil action for damages,—a proposition on which there is a divergence of opinion (see 20 R. C. L. 44), the ruling was without error. That the question of the amendment of pleadings is ordinarily addressed to the discretion of the trial court is admitted. But the plaintiff insists that she was, in the circumstances, entitled as a matter of right to make this amendment; and she calls attention to County Court Rule 11, which provides that at any time before the defendant has answered or within ten days thereafter, the plaintiff may file a new or amended complaint for the same cause of action, without payment of costs. But the rejected amendment was not for the same cause of action. We held in *Bouchard* v. *Central Vermont Ry. Co.*, 87 Vt. 399, 89 Atl. 475, L. R. A. 1915 C, 33, that counts at common law and counts on a federal statute are for different causes of action. And while we held that such counts could be joined, we called attention to the fact that no question of amendment was before us. That such counts are for different causes of action is also shown by *Niles* v. *Central Vermont Ry. Co.*, 87 Vt. 356, 89 Atl. 629, wherein we held that when the declaration was at common law, a replication setting up a federal statute was a departure, not from fact to fact, but from law to law. An amendment that introduces a new cause of action is not allowable. *Sowles* v. *Hartford Life Ins. Co.*, 85 Vt. 56, 81 Atl. 98. And so it is that an action at common law cannot be amended into an action on a statute. *Fairchild* v. *Dunbar Furnace*, 128 Pa. 485, 18 Atl. 443; *Allen* v. *Tuscacora Valley R. Co.*, 229 Pa. 97, 78 Atl. 34, 30 L. R. A. (N. S.) 1096, 140 A. S. R. 714; *Mills* v. *Western & Atlantic R. Co.*, 83 Ga. 441, 10 S. E. 113; *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. 877. These cases involved statutes and not ordinances, but so far as this question is concerned they stand alike.

We hardly need add that a ruling in accordance with the well established law of the subject is not open to the charge that it resulted from an abuse of judicial discretion.

[2]   During the trial, the plaintiff offered in evidence the ordinance in question, which is No. 17, and provides that no persons shall erect any staging on any street or sidewalk of said village, without first obtaining from the street commissioner a

written permit therefor. When suit is predicated on an ordinance as the basis of the action, it must be pleaded. 6 Thomp. Neg., § 7470; *Indianapolis T. & T. Co.* v. *Hensley,* 186 Ind. 479, 115 N. E. 934, 117 N. E. 854; *Flynn* v. *Chicago City Ry. Co.,* 250 Ill. 460, 95 N. E. 449. And unless pleaded, it is not available in evidence.

[3] But when the action is not based upon the ordinance, some courts hold that it may be given in evidence though not pleaded. Others hold that it is inadmissible. The cases may be found collected in a note to *Cragg* v. *Los Angeles Trust Co.,* 16 Ann. Cas. 1061. But however this may be, an ordinance cannot be admitted unless it is material and relevant to the issue on trial, for it is only facts that are logically relevant that are legally admissible. 22 C. J. 158. So, here, this ordinance was not admissible unless it tended to show that the defendants were negligent in the respect charged in the declaration. Otherwise, it was wholy irrelevant and so inadmissible. When tested by this rule, the propriety of the ruling is manifest. The lack of a written permit did not have the remotest causal relation to the presence of the broken brick in the roadway, and the exclusion of the ordinance was without error.

[4] It appeared at the trial that the plaintiff worked in the S. A. Smith Company toy shop. In argument, the defendants' counsel said to the jury, "It is a matter of common knowledge that shops all over the country are shut down; this very shop is shut down." It is apparent from the record that this last statement had reference to the shop where the plaintiff worked, and that it was counsel's purpose to have the jury consider the fact stated in connection with their allowance of damages, if any. There was no evidence warranting the statement and the plaintiff seasonably excepted to it. It was not retracted, but rather insisted upon by counsel. That the statement regarding the shop where the plaintiff worked was highly improper and unwarranted, we agree. But the general verdict was for the defendant, so the jury did not reach the question of damages, at all. It is not pointed out how the argument could have influenced the jury on the question of liability, either by way of impeachment of the plaintiff or otherwise, so it could not have affected the result and was harmless. A judgment will not be reversed for an error rendered immaterial by the verdict. *Spar-*

*row* v. *Vermont Savings Bank,* 95 Vt. 29, 119 Atl. 205, and cases cited.

[5] It is suggested in the plaintiff's brief that the conduct of the defendants' counsel in this connection was "highly reprehensible" and "should be punished for the public good and as justice requires." All this may be so, but counsel are reminded that that is not the province of this Court on review. We sit to correct errors of law and not of ethics.

[6] In further argument to the jury, counsel for the defendants made the following statement: "Mr. Dube says that work was carried on just as practically and prudently as any man can carry it on." The plaintiff excepted. The witness referred to said nothing of the kind and the statement was wholly unwarranted. But when the presiding judge allowed the exception and informed counsel that he did not remember such testimony and thought counsel was mistaken about it, the latter withdrew it, and told the jury to disregard him when he misquoted the evidence. In these circumstances we do not think prejudice is made to appear, and the exception is not sustained.

[7, 8] The court charged the jury that the defendants had a right to the reasonable use of the highway at the point where this accident happened, for the purposes of their repairs, and that if the cause of the injury was in such reasonable use by the defendants, the plaintiff could not recover. To this the plaintiff excepted, insisting that it was an erroneous statement of the law, and that the court should have charged in the language of *Mixer* v. *Herrick,* 78 Vt. at page 351, 62 Atl. at page 1019, which was read into the record. Having thus confined herself to the one ground of exception to the instruction referred to, none other will be considered. The trouble with the plaintiff's position is that her suit was predicated, not upon an unauthorized obstruction of the highway, but upon the negligence of the defendants in handling their work. Whether or not she could have recovered on the theory invoked had she brought her action on that ground, we are not called upon to say. Certainly, she cannot successfully invoke that theory in this suit, for she must recover here, if she recovers at all, upon the case made by her complaint. *Seeley* v. *Central Vermont Ry. Co.,* 88 Vt. 178, 92 Atl. 28; *Dodge Bros.* v. *Central Vermont Ry. Co.,* 92 Vt. 454, 104 Atl. 873. And no instruction could properly be given that was foreign to the issue on trial. *Holbrook* v. *Hyde,* 1 Vt. 286; *Smith* v. *Central*

*Vermont Ry. Co.,* 80 Vt. 208, 67 Atl. 535; *Dodge Bros.* v. *Central Vermont Ry. Co., supra.*

[9]     Then, too, the plaintiff misinterprets *Mixer* v. *Herrick.* The term "unauthorized obstructions," as used in the proposition of law therein laid down, does not imply that it is always necessary to obtain permission of the municipal authorities in order to make lawful an obstruction in the street. The right of the public to the free and unobstructed use of a highway is not absolute and unlimited; it is subject to the right of the abutter to make such incidental, temporary, or partial obstructions as his reasonable necessities require. Such obstructions must be reasonable in character and duration and not such as unduly to interfere with the rights of travelers. Subject to these conditions, an abutter may use the sidewalk for unloading goods, deposit thereon wood to be carried into his building, or building materials to be used in repairs thereon, or refuse to be carted away. This whole subject is sufficiently and satisfactorily covered by 13 R. C. L. 210, *et seq.* This qualification of the rights of the public is of great importance to the abutter, and without it business of all kinds would have to be done under a serious handicap. No permit or license from municipal authorities being necessary in such cases, civil liability attaches only when negligence is shown.

The charge was constructed on a correct theory of the law, and the exception taken to it is unavailing.

*Judgment affirmed.*